COPY

CAUSE NO. 1239111

IN THE FIRST DISTRICT

COURT OF CRIMINAL

APPEALS

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 30 2015

Abel Acosta, Clerk

IN THE 178th DISTRICT COURT

OF

HARRIS COUNTY TEXAS CAUSE

NO. 1239111

CARL EDMOND YANCY

V.

THE STATE OF TEXAS

NO. 1239111 Complaintant Natusha Youngblood

MEMORANDUM OF LAW IN SUPPORT OF

APPLICATION FOR WRIT OF HABEAS CORPUS

PURSUANT TO THE TEXAS CODE OF CRIMINAL

PROCEDURE ARTICLE 11.07

EVIDENTIARY HEARING REQUESTED

CARL EDMOND YANCY

TDCJ-CID # 1842638

"MAC" STRINGFELLOW UNIT

1200 FM 655

ROSHARON TEXAS 77583

i

Copy

# TABLE OF CONTENTS

PAGE NO.

COVER SHEET CAUSE NO. 1239111 Complaintant Natasha Youngblood          i

STATEMENT OF THE ARGUMENT          iii

TABLE OF CONTENTS          ii

PARTIES AND COUNSEL          iii- iiii

INDEX OF AUTHORITIES          I-V

### POINT OF ERROR

GROUND ONE - ACTUAL INNOCENCE          1.

GROUND TWO - VARIANCE          1.

GROUND THREE - EVIDENCE INSUFFICIENT          1.-2.

GROUND FOUR - CUMULATIVE ERROR          2.-3.

GROUND FIVE - CRONIC STANDARD          3.

GROUND FIVE A. - INEFFECTIVE ASSISTANCE OF COUNSEL          4.

    FAILURE TO INVESTIGATE          ▨

GROUND SIX - BRADY VIOLATION - A and B          5.-6.

GROUND SIX A. - RIGHT TO ACCESS TO EXCULPATORY          6.

    BIOLOGICAL EVIDENCE          ▨

GROUND SIX B - CONFIDENTIAL RECORDS WITHHELD          6.-7.

GROUND SEVEN - PROSECUTORIAL MISCONDUCT BY          7.-8.

    MEANS OF DUE PROCESS - A and B          ▨

GROUND SEVEN A. - PROSECUTORIAL MISREPRESENTATION          8.-9.

    BY MEANS OF DUE PROCESS          ▨

COPY

## TABLE OF CONTENTS

| | PAGE NO. |
|---|---|
| GROUND SEVEN,B - PROSECUTORIAL USE OF PERJURED TESTIMONY | 9-10. |
| ADDRESS TO THE COURT | 11. |
| I. JURISDICTION OF THE CASE | 12. |
| II. STATEMENT OF PROCEDURAL HISTORY | 12. |
| I. SUMMARY OF THE FACTS | 12:13. |
| II SUMMARY OF THE FACTS | 13:14. |
| III SUMMARY OF THE FACTS | 14. |
| IV SUMMARY OF THE FACTS | 14:15. |
| V SUMMARY OF THE FACTS | 15. |
| SUMMARY OF THE ARGUMENTS | 15:17. |
| ARGUMENTS AND AUTHORITIES | 17:46. |
| CONCLUSION | 44. |
| PRAYER | 47. |
| VARIFICATION | 48. |
| CERTIFICATE OF SERVICE | 47. |
| CERTIFICATE OF COMPLIANCE | 46. |

## PARTIES AND COUNSEL

Applicant is requesting oral argument, because the briefs do not cover DNA indepth.

TRIAL JUDGE

HONORABLE DAVID MENDOSA

178th DISTRICT COURT OF HARRIS COUNTY

1200 FRANKLIN ST,

HOUSTON, TEXAS 77002

TRIAL COUNSEL FOR APPELLANT

JAMES BROOKS

1314 TEXAS AVE. SUITE 1300

HOUSTON TEXAS 77002

TRIAL COUNSEL FOR APPELLEE

DEVON ANDERSON

HARRIS COUNTY DISTRICT COURT

1200 FRANKLIN. SUITE 600

HOUSTON, TEXAS 77002

NATHAN HANNIGAN

ASSISTANT DISTRICT ATTORNEY

1200 FRANKLIN SUITE 600

HOUSTON, TEXAS 77002

COPY

## PARTIES AND COUNSEL

APPELLATE COUNSEL FOR APPELLANT

CRESPIN MICHEAL LINTON

440 LOUISIANA SUITE 900

HOUSTON, TEXAS 77002


APPELLATE COUNSEL FOR APPELLEE

DEVON ANDERSON

HARRIS COUNTY DISTRICT ATTORNEY

1200 FRANKLIN SUITE 600

HOUSTON, TEXAS 77002


CLINTON A. MORGAN

ASSISTANT DISTRICT ATTORNEY

1200 FRANKLIN SUITE 600

HOUSTON, TEXAS 77002

# INDEX OF AUTHORITIES
## SEC I

| TEXAS CASES | NAME | PAGE NO. |
|---|---|---|
| 224 S.W. 3d 485, 491 (Tex. App. - Houston [1st] 2005) | BENSON V. STATE | 26, 29, 31, 40. |
| 289 S.W. 3d 862 | BURNETT RUNCHES Ltd. V. CONO PETROLEUM INC. | 25, 41. |
| 336 S.W. 3d 242 (Tex. Crim. App. 2011) | Byrd V. STATE | 25. |
| 863 S.W. 2d 476, 485 (Tex. Cr. App. 1993) | Castellano | 31. |
| 483 S.W. 2d 513 ref. n.r.c. | City of Houston V. Cash | 23. |
| 588 S.W. 2d 895 (Tex. Cr. App. 1979) | Cude | 28. |
| 898 S.W. 2d 424 (Tex. App. Fort Worth 1995) | Dalton V. State | 21, 22, 25, 24, 27, 28, 33, 38, 46. |
| 947 S.W. 2d 202 (Tex. Cr. App 1996) | Elizondo | 21, 22, 41, 45. |
| 768 S.W. 2d 287, 291 (Tex. Cr. App 1989) | Ex parte Adams | 25, 31, 34, 36, 37, 39, 43, 45. |
| 205 S.W. 3d at 548-549 | Ex parte Brown | 21. |
| 599 S.W. 2d at 307 | Ex parte Coleman | 22, 36. |
| 178 S.W. 2d 816, 818 (Tex. Cr. App 2005) | Ex parte Cash | 29, 31. |
| 790 S.W. 2d 305-306-307 (Tex. Cr. App 1990) | Ex parte Dietzman | 29, 39. |
| 232 S.W. 3d 69 (Tex. Cr. App 2007) | Ex parte Douthit | 21, 36, 43. |
| 690 S.W. 2d 825, 827 (Tex. Cr. App 1983) | Ex parte Dunham | 28, 45. |
| 587 S.W. 2d 697, 700 (Tex. Cr. App 1974) | Ex parte Lewis | 24, 31, 32, 45. |
| 853 S.W. 2d 1, 4 (Tex. Cr. App. 1993) | Ex parte Mitchell | 29, 31, 32, 38. |
| 943 S.W. 2d 461, 466 (Tex. Cr. App. 1996) | Ex parte Mowbray | 24, 31, 32, 45. |
| 215 S.W. 2d 418-419 (Tex. Cr. App. 2007) | Ex parte Perales | 39. |
| 153 S.W. 3d 416, 419-420 (Tex. Cr. App 2005) | Ex parte Thompson | 21, 33. |
| 1, S.W. 3d 687 | Ex parte Fields | 40. |

| TEXAS CASES | NAME | PAGE NO. |
|---|---|---|
| 296 S.W.3d 574, 585 (Tex. Cr. App. 2009) | Gamboa V. State | 38. |
| 12 S.W. 3d 479, 489 (Tex. Cr. App 2000) | Haizar v. State | 40. |
| 675 S.W. 3d 215 (Tex. Cr. App. 2002) | Hull v. State | 29. |
| 64 S.W.3d 694 (Tex. App-Houston [1st] 2002) | Jack V. State | 27,31,41. |
| 991 S.W. 864 (Tex. Crim. App. 1999) | Little v. State | 31. |
| 906 S.W. 655 (Tex. App-Fort Worth 1995) | Martinez V. State | 21. |
| 652 S.W. 2d 460, 461 (Tex. App-Houston [1st Dist.] 1983) Pet. ref'd) | Peters V. State | 22,25,36,38,43,47 |
| 220 F. Supp. 2d. 593 (N.D. Tex. 2001) | Rosales V. State | |
| 409 S.W.3d 259, 279 (2013) | Sandoval V. State | 38. |
| 292 S.W.3d 112, 128 (Tex. App-Houston [14th Dist] 2008) Pet. ref'd | Sansom V. State | 26. |
| 215 S.W. 418, 419 (Tex. Cr. App. 2002) | REPEAT   Perales | page I - REPEAT |
| 901 S.W. 2d 484, 485 (Tex. Cr. App. 1995) | Tovor | 21,36,43. |
| 740 S.W.2d 794, 800 (Tex. Cr. App. 1987) | Ward V. State | 26,29,41,45. |
| 971 S.W. 2d 537 (Tex. Cr. App. 1989) | Washington V. State | 27. |
| 15, S.W. 3d 504 | Weatherred V. State | 33. |
| 785 S.W. 2d 391, 396 (Tex. Cr. App. 1990) | Ex parte Welborn | 29. |

| FEDERAL CASES | SEC II | NAME | PAGE NO. |
|---|---|---|---|
| 64 F. 2d 1438-39 (9th Cr. 1998) | | Harris V. Woods | 31,43. |
| 239 F. 2d 191.12 | | Lindstadt V. Kean | 28,41,45. |
| 261 F.3d 210 | | Pavel V. Hollins | 28,40,45. |

| FEDERAL CASES | NAME | PAGE NO. |
|---|---|---|
| 220 F. Supp. 2d 593 (N.D.Tex. 2001); (4.5W 3d 228 Tex.Crim.App.1999) | Rosales V. Cockrell | 23. |
| 159 F. 3d 449 Id., at 457 | Turner V. Duncan | 31,43 |
| 888 F. 2d 1488 (5th Cir. 1989) | U.S. V. Martinez-Mercado | 23,24,26 28,33,44. |
| 871 F. 2d 1257 (5th Cir. 1989) | U.S. V. Weintraub | 23,33,34 |

| U.S. SUPREME COURT CASES SEC III | NAME | PAGE NO. |
|---|---|---|
| 83 S.Ct. at 1196-97, 53 S.Ct. at 1196-97 | Brady | 24,35. |
| 535 U.S. 685, 695-96 (2000) | Bell v. Cone | 27. |
| 373 U.S. 83 (1963) | Brady V. Maryland | 24,31,32,45 |
| 473 U.S. at 676, 473 U.S. 662 (1985), 473 U.S. at 626 | Bagley | 29,31,39,44. |
| 477 U.S. 168 (1986) | Darden Weinwright | 25 |
| 405 U.S. 150, 92 S.Ct. 763, 766 3L.Ed. 2d 104 (1972) | Giglio V. United States | 23,24,26,28,35,44. |
| 126 S.Ct. 1727 (2006) | Holmes V. Sicor | 39. |
| 443 U.S. 307 (1999) | Jackson V. Virginia | 23,39. |
| 514 U.S. at 419 (1988) 514 U.S. at 435, 514 U.S. at 438 | Kyles | 21,24,25,26,36,33 |
| 440, 514 U.S. at 437-438, 514 U.S. at 433-434 | | 35,38,39,42,43,45. |
| 424 U.S. 319 (1976) | Kyles V. Whitly | 39 |
| 360 U.S. 264, 79 S.Ct. 1173-1179 36.Ed.2d 1218 (1959) | Napue V. ILLINOIS | 23,24,26,28,35,44. |
| Id., 473 U.S. 685 S.Ct. 3383 | (Opinion Blackmun Jr.) | 23,33,34. |
| 473 U.S. at 676, 473 U.S. 662 (1985), 473 U.S. at 682 | Bagley | 35. |
| 535 U.S. 585-96 (2000) | Bell v. Cronic | 39. |

| U.S. SUPREME COURT CASES | NAME | PAGE NO. |
|---|---|---|
| 424 U.S. 319 (1976) | Matthew v. Eldridge | 32, 34. |
| 480 U.S. 39, 56-59. 107 S.Ct. 989, 1000-02 94 L.Ed.2d 40 (1982) | Pennsylvania v. Ritchie | 23, 33, 34. |
| 529 U.S. 263, 280 (1999) | Strickler v. Greene | 39. |
| 484 U.S. 400 (1988) | Taylor v. ILLINOIS | 39. |
| 473 U.S. at 682 105 S.Ct. 3383 | United States v. Bagley | 23, 33, 34, 39. |
| 466 U.S. 648-659-667 (1984) | United States v. Cronic | 27, 39. |
| 539 U.S. 510 (2003) | Wiggins V. Smith | 40. |

| TEXAS CODE CRIMINAL PROCEDURE SEC IV | PAGE NO. |
|---|---|
| | 18, 22, 34, 37, 41, 42, 43, 47, 48 |
| ARTICLE 64 | 8, 17, 48 |
| ARTICLE 11.07 of Couse no. 1239111 complaintant Natasha Youngblood | 11, 17, 47, 48 |

| TEXAS RULES OF App. Proc. SEC V | NAME | PAGE NO. |
|---|---|---|
| RULES. App., RULES 81 (b) (2) | | 21. |
| RULES OF EVID 702 | | 33. |
| RULES 9.3 (b) | | 47. |

| TEXAS RULE OF EVIDENCE SEC VI | NAME | PAGE NO. |
|---|---|---|
| RULES OF EVID. 702 | | 33. |

| TEXAS RULE OF EVIDENCE | SEC VI | NAME | PAGE NO. |
|---|---|---|---|
| RULES. App., RULE 81 (b) (2) | | | 21. |
| RULE 9.3 (b) | | | 42. |

| TEXAS RULES OF App. PROC. | SEC VII | | PAGE NO. |
|---|---|---|---|
| TEX.R. App Procedure Rule 9.4 (i) | | | 47. |
| TEX. CODE CRIM. ANN. at 37.07 §3 (a) (i) (VERON | | | 40. |
| Supp. 2003 ) | | | |

UNITED STATES CONSTITUTION

| | | | |
|---|---|---|---|
| U.S.C.A. CONST. Amend 6. | | | 27. |
| U.S. C.A. CONST. Amend 14 | | | 31,32. |
| 5 Amend. | | | 15,21,22,23,26,28,31 33,35,36,38,42,43,44,45. |
| 6 Amend. | | | 15,21,22,23,26,28,31 33,35,36,38,42,43,44,45. |
| 8 Amend. | | | 15,21,22,23,26,28,31 33,35,36,38,42,43,44,45. |
| 14 Amend | | | 15,21,22,23,26,28,31 33,35,36,38,42,43,44,45. |

POINT OF ERROR

GROUND FOR REVIEW

CAUSE NO. 1239111

POINT OF ERROR

GROUND ONE. ACTUAL INNOCENCE ("GATEWAY CLAIM")

Petitioner is actually innocent of committing the charge/crime; hence, his procedural default cannot be used to deny him his right to have his habeas claim heard on the merit's ---; The DNA test of 2012 cleared Appellant of committing the charge --- Appellant's Brief. (R.R. Vol 3 at 116) pg. 4 (R.R. Vol 3 at 116) pg. 4 and (R.R. Vol 3 at 117), Cause no. 1239111. Complaintant Natasha Youngblood.

POINT OF ERROR

GROUND TWO. VARIANCE

Petitioner was convicted on the basis of facts different than those facts on which the charge were based ---. A staff physician and Kerr a Sexual Assault Nurse Examiner, both examined Natasha on April 1, 2009, the physician's diagnosis was Sexual Assault, but Zury Phillips stated twice that Appellant was not the perpetrutor of the charge/crime. (R.R. Vol 3 at 112-117), Kerr stated against the physician's diagnosis testified that there was no evidence of a sexual assault. (R.R. Vol 3 at 99) and (R.R. Vol 3 at 104), pg. 4, 16, Cause no. 1239111. Complaintant Natasha

POINT OF ERROR

GROUND THREE. EVIDENCE INSUFFICIENT

Petitioner's conviction was obtained as a result of evidence that is insufficient to persuade a properly instructed, reasonable jury of his/Appellant's guilt beyond a reasonable doubt. Lawrence Thompson's testimony

1.

was only used to bolster the State's case of no evidence. (Appellant's Brief.) Delayed outcry is more likely when the perpetrator is the sole caregiver of the child. Appellant's Brief. (R.R.Vol.4 at 21) pg.10. He had not met Natasha, seen her videotaped interview or seen the police report. Appellant's Brief (R.R.Vol 4 at 22). pg.10. Kerr had stated that the examining physician made the diagnosis of sexual assault. Appellant's Brief. (R.R.vol 3 at 69) pg.3. and (R.R.Vol 3 at 98). pg.4. She found no physical evidence of sexual assault. Appellant's Brief.(R.R.Vol 3 at 99) pg.4. Appellant was excluded as a DNA contributor. (R.R.Vol 3 at 112) pg.4. and (R.R.vol 3 at 117) pg.5. After a two hour examination it revealed no trauma to Natasha's vagina. Appellant's Brief. (R.R. Vol 3 at 80-84) pg.16. No signs of sexual intercourse 24 hours prior to examination. Appellant's Brief. (R.R. Vol 3 at 104). Cause no. 1239111. Complaintant Natasha.

## POINT OF ERROR
### GROUND FOUR: CUMULATIVE ERROR

Petitioner was denied Due Process by the combined effect of individually harmless errors which in combination, rendered defence for less persuasive than it otherwise would have been. - - - Favorable evidence was withheld in the DNA test that was done on the DNA found. Appellant's Brief. (R.R.vol 3 at 117). Phillips admitted she did not preform the DNA analysis until 2012. Appellant's Brief.(R.R.Vol 3 at 116) pg.5.

Counsel failed to conduct a pre-trial investigation. Court Records. Physician's Opinion - (SANE). Nurse Kerr, testified that she and a staff physician preformed the examination of Natasha. Appellant's Brief. (R.R. Vol 3 at 64). She testified that the attending physician diagnosed Natasha as a victim of sexual assault. Appellant's Brief.(R.R.Vol.3 at 69) pg.3. and (R.R.Vol 3 at 98). No medical expert was called in by counsel or any important fact witnesses in defence of charge. No objections at penalty-phase verdict. Appellate counsel failed to present proprely the grounds or conform to common appellate rules. Engregious harm existed when the

## POINT OF ERROR (CONT).

defendant's rights were injured and he was denied a fair trial. Prosecutor knew or should have known that there was no evidence and cleared Appellant of the charge. Prosecutor failed to release Confidential Records and Biological Evidence. Use of perjured testimony, when Complaintant's sister, Jasmine Lynn Youngblood testified to a charge/crime which never took place, as the record clearly shows. Cause no. 1239111. Natasha Youngblood Complaintant.

## POINT OF ERROR

### GROUND FIVE CRONIC STANDARD

Appellant's Counsel so utterly failed to defend against the Charge that the trial was the functional equivalent of a guilty plea, rendering counsel's reper-sentation presumptively inadequate ---. Counsel did not aggressively attack the charge presented against defendant. Appellant's Brief. Appellant's DNA was Compared to DNA found on the various Swabs and the panties. The Appellant was excluded as a DNA contributor. Appellant's Brief. (R.R.VOl 3 at 112) pg4., (R.R.Vol3 at 113) pg. 4 and (R.R.vol 3 at 112). The DNA test were preformed in 2012 Which cleared the Appellant of the Charge. Appellant's Brief. (R.R.Vol 3 at 116) pg.5. Kerr Conceded that she found no semen of the Appellant's even though Natasha claimed she had been sexually assaulted the day before. Appellant's Brief. (R.R.Vol.3 at 104) pg.4,16. Ineffective Assistance of Counsel to include Appellate Counsel in failing to Conform to com-mon appellate procedures. Trial Counsel failed to reague with the new modified Charge. State's Brief. (S.R.R. 10) and (S.R.R. 12). Counsel failed to file Motion for New Trial, Memorandum Opinion pg16. at Mistrial.[2] Counsel failed to Subject the pro-secution's Case to meaningful adversarial testing. Trial Counsel and Appellate counsel both failed to conduct any type of investigation at all which violated Due Process of Cause no. 1239111, Natasha Youngblood Complaintant.

POINT OF ERROR

GROUND FIVE A. - INEFFECTIVE ASSISTANCE OF COUNSEL
FAILURE TO INVESTIGATE

Appellant's Counsel was ineffective in failing to conduct a reasonable pre-trial investigation ---. On a factual basis the record clearly shows convincingly that counsel failed to investigate at all any aspects of the charge against Appellant. Appellant's Appellate Counsel was also ineffective for failing to bring into question why trial counsel failed to do an investigation. Appellate Counsel failed to investigate why there was no expert medical witness called to state the name to whom the DNA that was found belonged too. Trial and Appellate Counsel failed to investigate the State's witness Jasmine Young-blood's examination, DNA results and all other pertinent information pertaining to Complaintant's accusation that she to had been sexually assaulted.

Through proper investigation both Trial and Appellate Counsel would have known that the State planned to, and did use perjured testimony as Stated in Appellant's Brief. Phillips admitted not performing the DNA analysis until 2012 Appellant's Brief. (R.R. 3 at 116). Appellant was tried found guilty with no evidence. Kerr addmitted she found no physical evidence that Natasha had been sexually assaulted. Appellant's Brief. (R.R. Vol 3 at 99). There was no semen no foreign hairs found belonging to Appellant even though Natasha claimed to have been sexually assaulted only 24 hours before the examination. Appellant's Brief. (R.R. vol 3 at 104) pg 4.16.

The DNA did not belong to Appellant and Appellant was excluded as a Contributor. Appellant's Brief. (R.R. vol 3 at 112), pg4, (R.R. vol. 3 at 113) pg 4. and (R.R. vol 3 at 117). The Appellate Counsel failed to investigate or to present properly the grounds or conform to common appellate rules and failed to satifactorily explain why

he failed to do so. Trial Counsel was also ineffective in failing to file Motion for New Trial. Both Trial and Appellate counsels have a duty to perform a proper investigation and prepare for trial. Cause no. 1239111 of Complaintant Natasha Youngblood.

POINT OF ERROR

GROUND SIX. BRADY VIOLATION A and B

The State failed to disclose evidence favorable to the accused which in all probability proves Actual Innocence ---. The State failed to disclose vital information to the jury which resulted in the Appellant being Sentenced to a 45 year term in the Texas Department of Criminal Justice prison system. Zury Phillips-She Conceded that the DNA found on the alledged sexual assault victim was in fact not the Appellant's DNA. Appellant's Brief. (R.R. Vol. 3 at 112) pg. 4, (R.R. Vol. 3 at 113) pg. 4. and (R.R. Vol. 3 at 117) pg. 5. There was no evidence found that belonged to Appellant. Kerr further conceded that she did not find any semen or foreign hairs belonging to Appellant even though Natasha claimed that appellant sexually assaulted her the day before her examination. Appellant's Brief. (R.R. Vol. 3 at 104) pg 4. and (R.R. Vol. 3 at 104) pg. 16.

Prosecutor has a duty to learn of and bring fourth any favorable evidence. All evidence is imputed to the prosecutor, even if the prosecutor himself did not know of the evidence. There is a reasonable probability that had the favorable evidence been brought before the jury. Appellant would have been oc-quitted. The prosecutor's misconduct, misrepresentation of the facts and use of perjured testimony was used to gain a Conviction of Appellant. The State suppressed the evidence as to whom the DNA that was found belonged too, in the DNA analysis performed in 2012. Appellant's Brief. (R.R. Vol. 3 at 116). The

5.

State knew or should have known through investigation that the complaintant's were not telling the truth, and therefore both Jasmine and Natasha Youngblood perjured themselves, in cause no. 1239111, Complaintant Natasha Youngblood

POINT OF ERROR

GROUND SIX A - RIGHT TO ACCESS TO EXCULPATORY
BIOLOGICAL EVIDENCE

Appellant was denied the right to access patentual exculpatory biological evidence in violation of the balancing test which weighs the risk of convicting an innocent person against the government's interest in avoiding disclosure. There is proof that there was and is biological evidence in the charge of sexual assault. Zury Phillips a (DNA Analysist) testified that she did not perform the DNA analysis until 2012, Appellant's Brief. (R.R. Vol. 3 at 116). Phillips testified that she compared DNA found on Natasha's vaginal swabs --- and the panties with the Appellant's DNA. Appellant was found not to have been the assailant. Appellant's Brief. (R.R. vol 3 at 113) pg 4, and (R.R. vol 3 at 117). With there being DNA found and withhelding this information as to whom this Biological Evidence belonged too, violated Brady. In suppressing this evidence there is a probability that the State knew or should have known, that the evidence withheld would acquit Appellant, in cause no. 1239111. Complaintant Natasha Youngblood.

POINT OF ERROR

GROUND SIX B.- CONFIDENTIAL RECORDS WITHHELD

The State failed to provide Confidential Records that were material and

pertinent to the defence. Appellant has requested the Confidential Records repeatedly and has been denied. Appellant's trial counsel refused to provide any information before, during and after trial. When Appellant asked Appellate counsel about the records, Appellant was told in a letter he could not provide copies. State has also repeatedly refused to disclose the Biological Exculpatory evidence and any confidential records. The Bagley error can not be treated as harmless, knowing that there was a trial in which there was evidence. Appellant's Brief. (R.R.Vol 3 at 117). The DNA analysis was not performed until 2012. Appellant's Brief. (R.R.Vol 3 at 116) pg 5.

These records also show that Appellant clearly was not the assailant in the crime/charge that the Complaintant's accused. Phillips stated Appellant was not the source of the DNA found. Appellant's Brief. (R.R.Vol.3 at 112) pg.4, (R.R.Vol.3 at 117) pg 5. Kerr also stated in the record brief, that there was no evidence found. Appellant's Brief. (R.R. vol.3 at 99) pg.4., (R.R.Vol.3 at 104) pg.4,16. In fact that the only evidence of a sexual assault by Appellant is the complaintant's testimony. Appellant's Brief. (R.R.Vol 3 at 105) pg4,16. Prosecutor knew or should have known that the Confidential Records contained the evidence that was needed for an acquittal. Cause no. 1239111, Complaintant Natasha Youngblood.

POINT OF ERROR
GROUND SEVEN A and B PROSECUTORTAL MISCONDUCT
BY MEANS OF DUE PROCESS

Appellant's Conviction was obtained as a result of prosecutorial misconduct in that prosecution has used misrepresentation by means of due process. The State has made use of perjured testimony. Prosecutor knew or should have known that their witnesses Jasmine Youngblood and Notasha Youngblood who both

## POINT OF ERROR (CONT).

testified for the State making an accusation of sexual assault were none had taken place and they were not telling the truth. State has a duty to investigate and find any favorable evidence and to disclose that information /evidence. What the State knew in 2012, that a DNA analysis, cleared Appellant. Appellant Brief. (R.R. vol 3 at 116). Kerr-She admitted that she found no evidence of sexual intercourse even though Natasha told her that Appellant had sexually assaulted her 24 hours before her examination. Appellant's Brief (R.R. vol. 3 at 104) pg 16, 4. Natasha perjured herself along with her sister Jasmine Youngblood who said she saw Appellant having sex with Natasha. Appellant's Brief (R.R vol 3 at 64) pg 11.

Prosecutor knew or should have known by the none existance of any evidence that Natasha and her sister Jasmine had infact not been sexually assaulted by Appellant. And that the Complaintant's sister falsified her testimony and perjured herself to help her sister. On Febuary 22, 2013 and after the DNA analysis of 2012's finding that the Appellant was indeed innocent of the Charge /crime. Even though the evidence cleared Appellant, Appellant was tried, found guilty and sentenced to 45 years and accessed u find of $10,000. Appellant has filed an Article 64, Code of Criminal Procedure and Post-Conviction Motion for Additional DNA Testing along with Affidavit: In Support of Post-Conviction Motion for Additional Forensic DNA Testing, Cause no. 1239111, Complaintant Natasha Youngblood.

## POINT OF ERROR
### GROUND SEVEN A. PROSECUTORIAL MISREPRESENTATION
#### BY MEANS OF DUE PROCESS

The prosecutor's misrepresentation of the material fact were used to

obtain Appellant's Conviction. Prosecution's failure to adhere to a legislative directive and misrepresented by omission of the facts resulted in a denial of due process of the constitutional protection. The fact's as stated by the State's witnesses: Phillips performed a DNA analysis in 2012. Appellant's Brief (R.R.vol.3 at 116) pg5. That analysis excluded Appellant as the assailant in the sexual assault of the Complaintant's Jasmine and Natasha Youngblood. See Appellant's 11.07 case na.1234110-A filed on 10/14/2015. Starting at misrepresentation pg 33-41. Sent in as representing Complaintant Natasha, misrepresented for Sister Jasmine

There was no evidence to seek a Conviction. Appellant's Brief. (R.R.vol.3 at 80-84), (R.R.vol.3 at 99), (R.R.vol.3 at 104) pg4,16. Odhiambo testified that in the interview Natasha's answers about intercourse were very vague. Appellant's Brief. (R.R.vol. 3 at 130) pg5. The State managed through misrepresentation, mistatement of the material facts. Use of perjured testimony and misleading the jury by withholding favorable evidence and omission of the name as to whom the DNA belonged, to gain a Conviction of Appellant. Cause no.1234111, Complaintant Natasha.

## POINT OF ERROR

### GROUND SEVEN B. PROSECUTORIAL USE OF PERJURED
### TESTIMONY BY MEANS OF DUE PROCESS

The Prosecutor/State knowingly used perjured testimony to obtain a Conviction, the prosecutor knew or should have known that the testimony was indeed false and prejudice resulted. The State's prosecutor has a duty to learn of any favorable evidence known to others working on the case including the police. The State knew or should have known that the evidence it Collected, cleared Appellant of any wrong doing, yet proceeded with the trial with evidence as follows:

Phillips testified that she did not perform the DNA test until 2012, providing the evidence acquitting Appellant. Appellant's Brief. (R.R vol 3 at 112) pg 4, (R.R. vol 3 at 116) pg 5. Zury Phillips conceded that the DNA found did not match Appellant's DNA. Appellant's Brief. (R.R vol 3 at 113). pg# and (R.R vol 3 at 117). At this point the State/Prosecutor knew that in fact, to go foreward it would be using perjured testimony as in: Natasha claimed Appellant inserted his penis into her vagina once or twice a week ---. Appellant's Brief. (R.R.vol 3 at 147) Natasha claimed that her last vaginal penatration was on March 31, 2009. Appellant's Brief. (R.R.vol 3 at 74). She explained that Appellant would hurt her back when he wanted to have doggy style sex. Appellant's Brief. (R.R.vol 3 at 163) pg 2.

Jasmine the sister of Natasha had claimed her and Appellant had sex every week ---. Appellant's Brief. (R.R.vol 4 at 63) pg 4. She contended that she even saw Appellant having sex with Natasha. (R.R.vol 4 at 64). The prosecutor knew or should have known this testimony were false statements. Complaintant's also went as far as to involk the use of there (Dead) mother to help with their testimony of no evidence. Natasha testified that her mother discovered that Appellant was molesting her, but she claimed her mother never took her away from Appellant. Appellant's Brief. (R.R vol 3 at 153) pg 7.

Jasmine also claimed she told her mother that Appellant was having sex with both of them. Appellant's Brief. (R.R.vol 4 at 65) pg 11. With the 2012 DNA analysis Appellant should never have been arrested, jailed, convicted and then sentenced to 45 years in prison. Prosecutor knew or should have known that it would be using perjured testimony by there access to all the evidence. Cause no 1239111. Complaintant Natasha Youngblood.

Copy

NO. 01-13-00168-CR

CAUSE NO. 1239111

IN THE COURT OF

CRIMINAL APPEAL

AUSTIN TEXAS

| | | |
|---|---|---|
| CARL EDMOND YANCY-APPELLANT | § | IN THE 178th DISTRICT COURT |
| V. | § | OF |
| THE STATE OF TEXAS-APPELLEE | § | HARRIS COUNTY TEXAS |

MEMORANDUM OF LAW IN

SUPPORT OF WRIT OF HABEAS

CORPUS 11.07

TO THE HONORABLE JUDGE (S) OF SAID COURT:

COMES NOW, CARL EDMOND YANCY, Appellant pro-se in the above styled and numbered Cause, and respectfully files this Appellant's Article 11.07 Of the Code of Criminal Procedure. Cause no 1239111, Natasha Youngblood Complaintant. The Appellant would show the Honorable Court the following in support thereof: Appellant ask this court to have the lower court rule on Appellant's Article 64.

I JURISDICTION

This Honorable Court has jurisdition over all the matters and parties of this Article 11.07 Of The Code of Criminal Procedure.

11.

## II STATEMENT OF THE CASE

A jury found Appellant, Carl Edmond Yancy, guilty of the offence of Aggravated sexual assault of child under fourteen years of Age. After finding true the allegation in and inhanced paragraph that he had previously been convicted of a fellony, the jury accessed Appellant's punishment an confindment for fourty five (45) years and a fine of ten (10) thousand dollars.

## III STATEMENT OF PROCEDURIAL
## HISTORY

Appellant was found guilty at trial by jury on Febuary 22, 2013. On Febuary 25, 2013, the jury accessed punishment of fourty five (45) years in the Texas Department of Criminal Justice Correctionol Institutional Division and a ten (10) thousand dollar fine. Appellant file notice of Appeal on the same day. The First Court of Appeals affirmed the judgment in it's opinion issued July 24, 2014. Appellant file Motion For Rehearing on August 25, 2014. The First Court of Appeals denied the Motion For Rehearing on September 15, 2014. On June 19, 2015 Appellant filed Request Court Reconsider On It's Own Initiative and was denied on June 25, 2015. Appellant filed an Article 64, For Additional DNA testing with no decision. Appellant mail his 11.07 on October 5, 2015 and it was filed October 14. 2015 mistakenly as Cause no. 1239110A, the cover sheet said, cause no 1239111, and was denied October 23, 2015 as Cause no. 1239110-A

## SUMMARY OF THE FACTS
## I

Appellant had decided to make a move to San Antonio, Texas and thought it best not to tell them, and deal with the headache on the road to my sister's house in San Antonio, who was to help us move into our new place. Natasha and Jasmine were getting out of hand and sneaking boys into the apartment when appellant was at work. Appellant needed help with raising two daughters after there mother, my/Appellant's wife was killed crossing the street. Somehow the girls found out that Appellant was about to move the family out of town on or about March 2009.

This decision was made after Appellant cought Natasha the Complaintant trying to sneak her boyfriend into the apartment. (R.R.Vol 3 at 190-195). Appellant's Brief pg 8. Natasha with the help of her sister Jasmine, who is special needs and Natasha's best friend Kierra made a plan to run away. Appellant's Brief. (R.R.Vol 3 at 176-178). There was no coincidence in there plan to run away, was at the sametime as Appellant's plan to move the family to San Antonio where Appellant's sister lived. If Appellant was assaulting them they had there own cell phones to call for help whenever they needed to, though appellant was very strick. (R.R.Vol 3 at 43-45). Appellant's Brief.

## II

Terro Kerr a Sexual Assault Nurse Examiner (SANE), testified that her and a staff physicion examined Natasha on April 1, 2009. Natasha claimed that Appellant insected his penis into her vagina once or twice a week (R.R.Vol 3 at 147), yet (R.R. Vol 3 at 104) pg 4,16. Kerr testified that after a two hour examination she found no trauma to Natasha's vagina--- (R.R.Vol 3 at 80-84) pg 16. She further testified she had found no semen or foreign hairs belonging to Appellant, and that there was no sign or evidence of a sexual assault, which states only one fact.

That these accusations were made soully for one purpose, and that purpose was to forego the move to San Antonio as stated in augument one, with which they did very successfully. (R.R. Vol 3 at 99) Appellant's Brief.

## III

DNA testing was performed by Zury Phillips for the Harris County Institute of Forensic Science. (R.R. Vol 3 at 108). After comparing the DNA analysis with Appellant's DNA, and Appellant was found not to have committed the charge/crime. (R.R. Vol 3 112-113) pg. 4, and (R.R. Vol 3 at 117). After a 30 minute interview with Susan Odhiumbo found that Notasha's answers about sexual intercourse was very vague. (R.R. Vol 3 at 126-130). Kerr testified that the attending physician made the diagnosis of a sexual assault of Complaintant Notasha Cause no. 1239111. (R.R. Vol 3 at 64-69). Appellant's Brief. Yet Kerr - State's expert witness refute's the physician's diagnosis in Appellant's Brief. (R.R. Vol 3 at 98-99), (R.R. Vol 3 at 104) pg. 4,16 (R.R. Vol 3 at 105). One examination by two different expert's, with two different diagnosis. One says that a sexual assault took place (the physician) the other (SANE) Nurse Kerr, says no sexual assault took place. This create's the possible probability of a variance in the charge/cause. The attending physician was not called to testify at trial.

## IV

Trial counsel failed to do a pre-trial investigation and also failed to file a Motion for New Trial and was also ineffective in preparing for trial. This was a henderence in Appellant's defence. This ineffectiveness was transferred to Appellant's Appellate counsel who also failed to do an investigation and therefore failed, conforming not to any Common Appellate rules and in a letter to the

14.

Appellant, and he failed to satisfactorily explain his reason for doing so.

## V

The State denied Appellant's Right to Access to Exculpatory Biological Evidence and Confidential Records. State withheld this favorable evidence in violation of Brady. Prosecutor withheld this favorable evidence and suppressed the evidence as to whom the DNA that was found belonged, in order to gain a Conviction of Appellant. The State is privileged to all information and evidence of government agencies including the police. The State was in possession of all the results of the DNA analysis, and knew or should have known of Appellant's innocence. State also withheld the name of the person with the possible probability of it being the boyfriend of the Complaintuat Natasha Cause no.1239111, the evidence would have created the probable possibility of Appellant being acquitted. These five arguments show a violation of Appellant's Constitutional right to due process and fair trial as guaranteed by Amendments 5,6,8 and 14 to the United State's Constitution.

## SUMMARY OF ARGUMENT

Appellant asserts his Actual Innocence and gave a swab of his mouth for DNA Comparison while at the Harris County Jail. However the DNA analysis was not done until 2012 and made available to the District Attorney's Office. The DNA analysis proved there was (DNA found) that was not Appellant's DNA. State knew or it should have known the DNA belonged to someone eles and Appellant was not guilty. Trial Counsel failed to conduct a pre-trial investigation and the State's witness Terra Kerr refuted the physician's diagnosis whom she helped in the

examination of the Complaintant Natasha Youngblood Cause no. 1239111. The State witnesses. Terra Kerr a sexual assault nurse and Zury Phillips both stated there was no evidence to prove Appellant committed the sexual assault Appellant was accused of. Zury Phillip a DNA analysis stated that the DNA that was found on the various swabs and the panties did not match the Appellant's DNA.

The physician declairing a sexual assault took place is in conflict with the sexual assault nurse who both examined Natasha together and she declaired that she found no evidence of a sexual assault and the only evidence was Natasha and her sister Jasmine Youngblood's testimony. This created a variance in which a possible probability that had the evidence been presented as to whom the DNA belonged, Appellant would have been acquitted. There was insufficient evidence to legally and Constitutionally arrest take to trial, convict and sentence Appellant without violating Appellants Constitutional right to due process and fair trial, as was accomplished in Cause no. 1239111. Complaintant Natasha Youngblood.

There were a cumulative of errors throughout the trial and these cumulative errors rose to the point of denying a Constitutional right. Under the cumulative errors are listed (Cronic Standard), that incompasses both Ineffective Assistance of Trial and Appellate Counsel's for failing to investigate at all any aspects of the charge/case. This is to include State/Prosecutor who also violated Brady in not releasing to Appellant vital favorable material evidence. Appellant was denied the (Right to Access to Exculpatory Biological Evidence) and (Access to Confidential Records).

The DNA analysis was perform in 2012 and the State knew or should have known of the favorable evidence. Appellant was put on trial and Prosecutor gained a Conviction through (Prosecutorial Misconduct by Means

16.

of Due Process) in (Misrepresentation) and (Use of perjured testimony by Means of Due Process). On Febuary 22, 2013 of the following year after the DNA analysis of 2012 was made available to the Harris County District Attorney's Office clearing Appellant. Appellant was taken to trial by jury, and Appellant CARL EDMOND YANCY was found guilty Of Aggravated Sexual Assault of Child.

On Febuary 25, 2013 the jury sentenced Mr. CARL EDMOND YANCY to (45) years in the Texas Department of Criminal Justice and assessed a fine of $10.000. Because of these variance(6) Appellant file an 11.07 for Cause no 1239111 which was mistakenly filed as Cause no. 1239110-A. Sent in October 5, 2015 and filed September 14, 2015. Appellant also file an Article 64, Code of Criminal Procedure with Affidavit: In Support of Post-Conviction Motion for Forensic DNA Testing and would ask this Honorable Court request that the 178th District Court of Harris County, Texas to rule on Appellant's Motion. And that this Honorable Court rule on this Appellant's 11.07 Cause no. 1239111 Complaintant Natasha Youngblood. Excuted this 30 day of November, Cause no. 1239111, complaintant Natasha Youngblood. Mailed to Christopher A. Prine - Clerk of the Court - First Court of Appeals - 301 Fannin Street Houston, Texas 77002

CARL EDMOND YANCY

## ARUGMENS AND AUTHORITIES
## MEMORANDUM CAUSE NO.
## 1239111

On or about March 29, 2009, Natasha Youngblood found out Appellant was relocating to San Antonio Texas, because Appellant needed help with raising two girls They were getting out of hand, and after Natasha got Cought trying to sneak her boyfriend into the apartment. Appellant had not gone to work that day

Before Appellant Could effect the move Natasha found out where they were moving. She did not want to move and leave her boyfriend and friends. Natasha along with her sister Jasmine plan to run away, and to cover up why they really ran away they made up being abused and sexually assaulted.

EVIDENCE EXIST IN THE RECORDS THAT WILL SHOW THE FOLLOWING

References as 1(a) 2(a) and so on. Appellant's Brief as A.B. - State Brief as S.A. and 11.07-1239110-A, as M.O.110-A, - MEMORANDUM Opinion as M.O

1(a). That upon cross-examination of the Complaintant Natasha. She revealed that she had brought a boyfriend to the apartment without permission. (R.R.Vol3 at 169)

1(b). Natasha claimed that Appellant inserted his penis into vagina once or twice a week. (R.R Vol3 at 147).

1(c). She stated she did not want to move to San Antonio, Texas and leave her friends (R.R.Vol.3 at 176).

1(d). Natasha testified that she text Kierra to meet her and Jasmine at the school bus stop, because she was going to run away from Appellant (R.R.Vol3 at 178).

1(e). Natasha contended that Appellant cause her to have anger and attitude problems. (R.R.Vol 3 at 174).

2.(a) Tarra Kerr a Sexual Assault Nurse Examiner (SANE). (R.R.Vol3 at 56-58).

2.(b). Kerr testified that a (2) hour examination of Natasha did not reveal any trauma to Natasha vagina, hymen or perineum (R.R.Vol 3 at 80-84).

2.(c). Kerr further conceded that she did not fined any semen or foreign hairs even though Natasha claimed that Appellant sexually assaulted her the day before the examination. (R.R.Vol3 at 104) A.B. pg 4,16

2.(b). She conceded she found no physical evidence that Natasha had been

18.

sexually assaulted. (R.R.Vol 3 at 99).

2.(e). Kerr explained that the absence of injuries is not inconsistance with a claim of sexual assault, becouse physical injuries are rarely found. (R.R.Vol 3 at 94)

2.(f). On cross-examination, Kerr admitted that the examining physician made the diagnosis of sexual assault. (R.R.Vol. 3 at 98).

2.(9). She admitted that the only evidence of a sexual assault was Natasha's testimony. (R.R.Vol. 3 at 105).

3.(a). Zury Phillips a DNA analysis testified that she compared DNA found on Natasha's vaginal swab, oral swab, fingernail swabs and the panties with Appellant's DNA. (R.R. Vol. 3 at 112).

3.(b). She testified that Appellant was excluded as a DNA contributor to any of the substances tested. (R.R.Vol 3 at 113).

3(c). On cross-examination Phillips admitted that she did not perform the DNA analysis until 2012. (R.R.Vol 3 at 116).

3(d). She conceded that the DNA found on the various swabs and the panties, did not match Appellant's DNA. (R.R.Vol 3 at 117).

4.(a). Susan Odhiambo stated that Natasha was not emotional in her interview. (R.R. vol. 3 at 128).

4.(b). She conceded that Natasha's answers about intercourse with Appellant were very vague. (R.R.Vol. 3 at 130).

5.(a). Lowrence Thompson Jr. a phychologist who is the director of theropy at the Harris County Children's Assessment Center. (R.R.Vol 4 at 7-8).

5.(b). On cross-examination, Thompson conceded that he almost always testifies on behalf of the State. (R.R.Vol. 4 at 22).

5.(c). He admitted he had not met Natasha, has not seen her videotaped interview, and has not read the police report. (R.R.Vol 4 at 22).

6.(a) Jasmine testified that Appellant had sexually assaulted her. (R.R.Vol 4 at 61).

19.

6(b). She conceded she even saw Appellant having sex with Natasha (R.R.Vol 4 at 64).

7.(a). Both the State and the Appellant voiced no objections to the jury charge on punishment. (R.R.Vol 4 at 78).

7.(b). The trail court then brought the jury into Courtroom and read the revised punishment charge to the jury without any additional closing arguments from either the State or Appellant's Counsel. (R.R.Vol 3 at 13-14).

7.(c). Counsel failed to file a Motion for New Trial. M.O. pg 16 para. 1[2]

8.(a). Counsel failed to conduct a pre-trial investigation.

8(b). The Direct Appeals counsel also failed to investigate into Case or trial Counsel's inactions.

8.(c). Counsels failed to investigate at all, the Charge.

9.(a) State/Prosecutor in that it withheld favorable evidence and goin a Conviction through, 9.(b). Misconduct By Means of Due Process, 9.(c). the Use of Perjured Testimony By Means of Due Process also 9.(d). Prosecutor's failure to investigate 9(e). Prosecutorial Misrepresentation By Means of Due Process.

---

Natasha with the help of her sister Jasmine Youngblood together invented a tale of abuse and sexual assault to avert a move to San Antonio. At the Children's Hospital of Texas, A Sexual Assault Nurse Examiner (SANE) examined Natasha on April 1, 2009 and was said, not to have found any semen, foriegn hairs or other Biological material belonging to Appellant, 2.(c),-2.(d),-2.(g),-3.(b),-3(d),-5.(c). However this can only be assumed of the sister Jasmine in, 2.(c),-2(d),-2.(g),-4(b),-3.(b),-3(d), although Jasmine testified she had been sexually assaulted also, 6.(a),-6.(b). Yet the evidence points to no sexual assault taking place as stated by State's own witnesses, this for Natasha, Complaintont Cause no. 1239111.

Appellant asserts that the Harris County Institute of Forensic Science DNA analysis Zury Phillips, ofter examining the various swabs and the panties did

find semen and other Biological materials belonging to someone eles, that were released to the Harris County Attorney's Office (State of Texas). It is believed that all parties including the boyfriend of the complaintant Natasha were tested. The full results of these test and the favorable evidence were withheld by the State. Appellant maintains his Claim of Actual Innocence and is not guilty of Committing the Charge/ Crime of sexual assault. Appellant's arrest, trial and Conviction violated Appellant's Constitutional right to due process and fair trial as guaranteed by Amendments 5,6,8 and 14 to the United State's Constitution. See Elizondo 947 S.W. 2d 202 (Tex. Cr. App 1996). This for cause no 1239111 Complaintant Natasha Youngblood.

ACTUAL INNOCENCE; - This showing must overcome the presumption that the Conviction is valid and it must unquestingly establish applicant's innocence" Compare Ex parte Brown 205 S.W. 3d at 548-549 with Ex parte Thompson 153 S.W. 416. 419-420 (Tex. Cr. App. 2005). As stated by State's own witness Terra Kerr found no evidence Natasha had been Sexually assaulted by Appellant. A.B. (R.R. Vol 3 at 104) pg 4,16. Even after a 2 hour examination. A.B. (R.R. Vol 3 at 80-84), 2.(a),-2.(b),-2.(c). Kerr testified that the absence of injuries is not inconsistant with a Claim of sexual assault because injuries are rarely found. A.B. (R.R. Vol 3 at 94). See Dalton v. State 898 S.W. 2d 424 (Tex. App - Fort Worth 1995).

With the State only conceding that there was DNA found, does not State to whom that DNA belonged, 3.(b),-3.(d). The State in fact does not let the jury Know that the DNA actually went to proving that Someone eles and not the Appellant committed the crime/ Charge. The State's withholding of this vital favorable evidence violated Bagley see. also Kyles 514 U.S. at 435 Tovar 901 S.W. 2d 484, 485 (Tex. Cr. App. 1995); Ex. parte Douthit 232 S.W. 3d 69 (Tex. Cr. App. 2007). Appellant Review of error; in Criminal Cases usually involves two step process; (Court first determines that error accured in trial and then determines whether error Calls for reversal of Conviction). Rules. App. Pro., Rules 81 (b). (2). Marinez v. State 901 S.W. 2d 655 (Tex. App - Fort Worth 1995).

The State has made allegations in a Charge of Aggravated Sexual Assault of a Child Under 14 years of age, without any evidence Therefore if the State makes unnecessary allegations discriptive of the Identity of the offence Charge, the State must establish such allegations by evidence. See Peters v. State 652 S.W. 2d 460, 461 (Tex. App-Houston [1st Dist] 1983 Pet. ref'd.

In Texas, incarceration of an innocent person violates due process. Ex parte Elizado, 947 S.W. 2d 202 (Tex. C. App. 1996). Appellant has suffered harm and collateral damage from being incarcerated falsely and to this end, when Appellant is aquitted on this the Charge/Case no. 1239111, State has made plans to further violate Appellant's Constitutional right by filing the sister's charge which was dismissed but not with prejudice and can be filed on at a later date. M.O. 110-A, see pg 18 ref. then pg 17 para (i) this document. The sister Jasmine Youngblood testified at her sister's trial perjuring herself because no sexual assault took place 6.(a)-6.(b). M.O. 110-A and it's Exhibit "A" shows State's willinglyness to violate a legislative directive and has already violated Appellant's Constitutional right to due process and fair trial as guaranteed by Amendments 5, 6, 8 and 14 to the U.S. Constitution. Ref. pg 18, 17. MO 110-A

EVIDENCE INSUFFICIENCY.- Appellant's conviction was obtained as a result of evidence that was insufficient to persuade a properly instructed jury of Appellant's guilt beyond a reasonable doubt without all the evidence being presented, there was no evidence to support Appellant's Conviction "NO EVIDENCE" when there has been no evidence upon which to support a conviction, a violation of Due Process has occured and the conviction maybe attacked collaterally in habeas corpus proceeding Ex parte Coleman 599 S.W. 2d at 307. 2.(c)-2(b),-2(9),-4.(b),-3.(6),-3.(d), and as to 2.(e). This statement was made to bolster the State's Case of no evidence and false prosecution. See Dalton v. State 898 S.W. 2d 424 (Tex. App-Fort Worth 1995).

Appellant was Convicted on the State's expert witness testimony which in fact proved Appellant's Actual Innocence, and yet only suggested at Appellant's

guilt." When testimony gives rise to no more than a surmise or suspision as to the existance of fact sought to be proved, there is legal contemplation no evidence. See City of Houston v. Cash 483 S.W.3d 513. ref. n.r.e The State's Misconduct By Means of Due Process along with a mistatement of the material facts and an omission of favorable evidence, the prosecutor managed to gain a conviction. A.B. 9(a). See Jackson v. Virginia 443 U.S. 307 (1999) - Rosales v. Cockrell 220 F. Supp. 2d 593 (N.D.Tex. 2001), (4 S.W.3d 228 Tex. Crim. App. 1999) 1.(a)-2.(e)-2.(f)-2.(d)-3(a)-3(b)-3(d).

Evidence that impeaches the credibility of a government witness whose testimony "may well be determinative of [the defendant's] guilt or innocence" is Brady material that the prosecutor may not suppress. See Giglio v. United States 405 U.S. 150, 92 S.Ct. 763, 766. 31. Ed.2d 104 (1972) (quoting Napue v. ILLINOIS. 360 U.S. 264. 79 S.Ct. 1173-1177. 3L Ed. 2d 1212 (1959) U.S. v. Martinez-Mereado 888 F.2d 1484, 1488 (5th Cir. 1989), 2.(f)-2.(b)- 2.(c)-2.(d)-2(g)-3(b)-3(d). This violated Appellant's Constitutional right to due process and fair trial as guaranteed by Amendments 5,6,8 and 14 to the U.S. Constitution. For cause no. 1239111 Complaintont Natasha Youngblood.

CONFIDENTIAL RECORDS WITHHELD - State failed to provided confidential records that were material and pertinent in proving a reasonable probability of Appellants Actual Innocence. The records withheld were the evidence as to whom the DNA that was found and analyzed in 2012, belonged too, from the various swabs and the panties. A.B. 3.(a)-3(d). "A reasonable probability is a probability sufficient to undermine the confidence in the outcome. See United State's v. Bagley 473 U.S. at 682 1055. S.Ct. 3383 (opinion of Blackmun Jr.); Id., 413 U.S. 685 S.Ct. 3383 (Opinion Of White J.) Pennsylvania v. Ritchie, 480 U.S. 39.56-59, 107 S.Ct. 989. 1001-02. 941. Ed.2d 40 (1987) (majority opinion).[b] U.S. v Weintraub 871 F.2d 1259 (5th Cr. 1989) A.B. 2.(b)-2.(e)-2.(d)-3.(a)- 3.(d)-2.(e). See Dalton v. State 898 S.W. 2d 424 (Tex. App.- Fort Worth 1995). The Statement in 2.(e) was only made to bolster the State's case of no evidence. 3.(a)

The Due Process of The Fourteenth Amendment requires disclosure even with-

out a request for Brady evidence, i.e, material evidence favorable to the accused. see. Brady v. Maryland 373 U.S. 83 (1963); Ex parte Mowbray 943 S.W.2d 461, 466. (Tex. Cr. App. 1996) (State has an "affirmative duty" to disclose favorable evidence) Ex parte Lewis 587 S.W.2d 697, 700 (Tex. Cr. App. 1979). The evidence as to whom the DNA found belonged and all records withheld including the Biological Evidence of the Complaintant Jasmine Youngblood to be released to Appellant.

"No harm analysis is utilized" Bagley error could not be treated as harmless, since a reasonable probability that had the evidence been disclose to the defence, the result of the proceding would have been differnent, necessarily entails the conclusion that the suppression must have had substantial and injurious effect or influence on determining the jury's verdict. Kyles 514 U.S. at 435, 2.(d), -2.(9), -3.(a), -3.(b), -3.(d), [2.(e), -This statement was only made to bolster the State's case of no evidence].

The Court however has recognized that a defendant's due process right to fair trial prohibits the prosecutor from suppressing evidence that is favorable to the accused and material either to guilt or to punishment. Brady 83 S.Ct. at 1196-97. Evidence that impeaches the credibility of a government witness whose testimony "may well be determinative of [the defendant's] guilt or innocence" is Brady material that the prosecution may not suppress. see Giglio v. United States 405. U.S. 150, 92 S.Ct. 763, 766. 31 L. Ed. 2d 104 (1972) (quoting Napue v. ILLINOIS. 360 U.S. 264. 79 S.Ct. 1173, 1177. 3L Ed. 2d 1212 (1959). U.S. v. Martines-Moreado 888 F. 2d 1484, 1488 (5th. Cir. 1989). The withholding of this evidence by State violated Appellant's Constitutional right to due process and fair trial as guaranteed by Amendments 5,6,8 and 14 to the United State's Constitution. Cause no. 1239111. Natasha.

VARIANCE,- "Appellant was convicted as stated, of facts different than those fact on which the charge were based, and on secondhand testimony. 2.(F), -5.(c). A variance occurs whenever there is a discrepance between the allegations in the indictment and proof offected at trial. The indictment states Aggrevated Sexual Assault of a Child Under 14 years of Age. 2.(F). State witness 2.(d), -2.(9), -3.(b), -3.(d). both did the

the examination together, yet came up with conflicting diagnosis. 2.(e) was only used to bolster the State's case of no evidence. See Dalton v. State 898 S.W.2d 424 (Tex. App.- Fort Worth 1995) 3.(c),-3(a),-3(b),-3(d). See Peters v. State 652 S.W.2d 460, 461 (Tex. App- Houston [1st. Dist] 1983 pet. ref'd.

Prosecutor and the State's own witnesses created a variance in Appellant's trial. See Byrd v. State 336. S.W.3d 242 (Tex. Cr. App 2011). At trial Prosecutor withheld favorable evidence and failed to bring to light the fact that they did indeed find DNA and that the DNA belonged to someone eles. With the probable possibility of it being the boyfriend. In calling in expert witness to prosecute Appellant the prosecution engaged in mis- conduct. The Prosecution knew or should have known of the favorable evidence and therefore proceded with willful misconduct. See Darden Wainwright 477 U.S. 768 (1986). Burnett Runches. Ltd. v. Cono Petroleum, inc 289 s.w. 3d 862 "knowledge of low enforcement a- gencies is imputed to prosecutor, even if the prosecutor himself did not know of the evi- dence. See Kyles 514 U.S. at 438-440; Ex parte Adams 768 S.W. 2d at 292, on the governments behalf in the case, including the police. Kyles 514 U.S. at 437-438; Ex parte Adams 768 S.W.2d 291-292.

As stated before, there seems to be a conflict between the two State's expert witness accessment of the complaintant's examination. Kerr-She testified that the attending physician made the diagnosis of sexual assault. 2.(f). Yet both Kerr and Phillips im- peach that statement., 2.(b)-2.(c)-2.(d)-2.(g)-4(b)-3.(a)-3.(b)-3.(d). Prosecutor withheld this vital favorable evidence at trial and sentencing and was not introduced as evi- dence, to the jury, as to whom the DNA belonged. Evidence that impeaches the credibi- lity of a government witness whose testimony" may well be determinative of [the de- fendants] guilt or innocence" is Brady material that the prosecutor may not suppress. see. Giglio v. United State's 405 U.S. 150, 92 S.Ct. 763, 766 31. Ed.2d 104 (1972) (quoting Napue v. ILLINOIS. 360 US. 264.79 S.Ct. 1173-1177. 31. Ed. 2d 1217 (1959). U.S. v. Martinez—Mercado 888 F. 2d 1484, 1488 (5th. Cir. 1989). The physician 2.(f),—the nurse examiner 2.(d)-2.(c),-2(g) and then the DNA expert for the State 3.(a)-3.(b),-3.(d). The nurse and DNA expert impeach statement. 2.(f).

Appellant begs this Honorable Court this question: How could Appellant or anyone in the United State's of America be tried convicted and sentenced for a crime/charge when the DNA clearly belonged to someone eles and not Appellant. This violated Appellant's constitutional right to due process and fair trial." Engregious harm exist when the defendant's right are injuried to the point that he was denied a fair and impartial trial, when the error" (1) went to the very basis of the case; (2) denied the defendant a valuable right; or (3) vitally affects his defence theroy." Sansom v. State 292 S.W. 112, 128 (Tex. App-Houston [14th Dist] 2008, pet. ref'd. The DNA went to the very basis of Appellant's charge which is why Appellant filed for a Motion for Additional DNA Testing with the 178th District Court of Harris County on August 29, 2015 with no answer as of today on this 30 day of Nov 2015. And request this Honorable Court order Motion to be answered. "No harm analysis is utilized" Bagley error could not be treated as harmless since a reasonable probability exist that had the evidence been disclosed to the defence, the result of the proceding would have been different, necessarily must have had substantial and injurious effect of enfluence in determining the jury's virdict. See Kyles 514 U.S. at 435, 115 S.Ct. 1555. The variances and the expert witness conflicting testimony as in the first paragraph of Ground of Variance pg. (24) this document. These violated Appellant's constitutional right to due process and fair trial as guaranteed by Amendments 5, 6, 8 and 14 to the United State's Constitution.

CRONIC STANDARD.- Appellant counsel so utterly failed to defend against the charge that the trial was the functional equivalent of a guilty plea, rendering Counsel's repersentation presumptively inadequate. In Benson v. State 224 S.W. 3d 485, 491 (Tex. App-Houston [1st] 2005. The Court Of Criminal Appeals wrote:

"When a defendant, is deprived of effective counsel during the period for filing a Motion for New Trial, the remedy is to reset the Appellate time limits. See Ward v. State 740 S.W. 2d 794, 800 (Tex, Cr. App 1987) (en blonc)" In Ward, the Court of Criminal Appeal's examined counsel's enaction in failing to secure a statement of the facts which

26.

rendered the subsequent appeal meaningless. The Court held the enaction to be ineffective assistance of Counsel in Conjunction with a Motion for New Trial, Since the attorney by the court contenves as a matter of law until replacement by the court, the holdings both in Benson and Ward seem appropriate.

Appellant's record clearly shows that trial counsel failed to file a Motion for New Trial this stated, M.O. dated July 24, 2014 at mistrial pg (16) para (1). Appellant complains that the trial error in denying his Motion for New Trial, However he complains about the portion of the record in which the trial Court denies his Motion for Mistrial and the record does not reflect that he filed a Motion for New Trial, we interpert his complaint to be that the Court erred in denying his Motion for Mistrial. M.D. pg (16), A.B. 7(i)

There is a presumption that at trial Counsel at Motion for New Trial is effective. See Jack v. State 64 S.W. 3d 694 (Tex. App-Houston [1st] 2002. The confidential records that were requested clearly shows Appellant's Counsel failed to file Motion for New Trial. In addition to Counsel's ineffectiveness Counsel failed to attack the DNA finding or request the ough investigation that the State produce the name to whom the DNA that was found, be presented, proving Appellant's Actual Innocence. A.B. 2.(b)-2(c),-2.(d)-2(9),-4(b)-3(b)-3.(d), This 2(e) statement was only made to bolster the State's case of no evidence. See Dolton v. State 898 s.w. 2d 424 (Tex. App.-Fort Worth 1995).

The standard of review: When addressing ineffective assistance of Counsel, Claim Court of Criminal Appeals first determines whether, in light of all ceccomstances, Counsel's acts or omission were outside range of professional competent assistance, and if so whether there was reasonable conduct. U.S.C.A. Const. Amend 6. Washington v. State 771 S.W. 2d 537 (Tex. Crim. App. 1989)" According to Bell v. Cone 535 U.S. 685, 695-96 (2000) (citing United States v. Cronic 466 U.S. 648, 659-667 (1984) Prejudice is presumed" Counsel entirely failed to subject prosecution's case to meaningful adversarial testing. A.B. 2.(b),-7.(a),-2.(d),-2.(9),-4(b),-7.(c),-8(a),-8(b). Counsel's ineffectiveness violated Appellant's con-

27.

stitutional right to due process and fair trial as guaranteed by Amendments 5,6, 8 and 14 to the United State's Constitution. This for Complaintant Natasha Youngblood Couse no. 1239111.

INEFFECTIVE ASSISTANCE OF COUNSEL "(FAILURE TO INVESTIGATE)".- The favorable evidence which was withheld would also show this Court that Counsel failed to investigate at all and was ineffective, in failing to Conduct a reasonable pre-trial investigation as the record has and will show., A,B. 8.(a),-8(c). See Pavel v. Hollins 261 F.3d 210 (4) Failure to prepare a defence. b. Failure to Call important facts witness. C. Failure to Coll medical expert. Ineffective Assistance of Counsel. see Lindstadt v. Kean 239 F. 2d 191.12 Criminal Law. 641.13(2.1,6) 15. Habeas Corpus (key) 487(4), Counsel Conducted no pre-trial investigation, Called no witnesses at all and colled no medical expert A.B. 8(a),-6(b),-8(c). See Dunham 650 S.W. 2d 825 (Tex.Cr.App.1985) A.B. 2(e), this Statement was only said to bolster the State's Case of no evidence. See Dalton v. State 898 S.W. 2d 424 (Tex. App.-Fort Worth (1985).

The Standard for review: The Court of Appeals withhold that Counsel's assistance was ineffective if it appears from the entire record that the defendent did not recieve effective assistance. Counsel failed as stated in Pavel v. Hollins 261 F. 3d. 210, A.B. 7(a), 7(b),-7(c),-8(c), also see Cude v. State 588 S.W.2d 895 (Tex.Cr.App.1979). In light of Appel-lant's Counsel's ineffectiveness, the trial Counsel failed to obtain or file for additional DNA Testing to prove Appellant's Actual Innocence. 3.(c),-3(a),-3(b),-3(d).

"Evidence that impeaches the credibility of a government witness whose testi-mony may well be determintive of [the defendant's] guilt or innocence" is Brady material that the prosecution may not Suppress. Giglio v. United State's 405 U.S. 150 92 S.Ct. 763. 766 3L.Ed 104 (1972) (quoting Nopue v. ILLINOIS, 360 U.S. 264, 79 S. Ct. 1173. 3L.Ed.2d 1212 (1959). US v. Martinez - Mereado 888 F. 2d 1484, 1488 (5th Cir 1989). Trial Counsel's errors were numerous at trial and the errors were transfered to Appellate Counsel like a plague in which both utterly failed Appellant.

The Texas Court's have granted relief granted on claims of ineffective assistance of Appellate Counsel in the following circumstance. Counsel failed to present properly the grounds or to Conform to Common appellate rules on 23 of 27 alleged errors, and on habeas failed to satifactorily explain why he failed to do so. See Ex parte Dietzman 790 S.W. 2d 305, 306-307 (Tex. Cr. App. 1990). A.B. 8. (c). Although on one instance. Counsel's performance as a whole may Compel such a holding. see e.g., Ex parte Welburn 785 S.W. 2d 391, 396 (Tex. Cr. App. 1990) (Keller, P.J.) desenting to the grant of relief and noting that the Appellant failed to object at sentencing procedures at trial and forfeited his right to Complain under Hull v. State 67 S.W. 3d 215 (Tex. Cr. App 2002), but because the Appellant Claimed ineffective assistance of trial and Appellate counsel, his claim could be addressed., 7(a), 7(b). 7(c), 8(a), 8(b), 8(c).

"Evidence is favorable if when" disclosed and used effectively may make the difference between Conviction and acquittal. A.B. 2.(b), 2(9), 3.(a), 3.(b), 3.(d). See Bagley 473 U.S. at 676; Ex parte Mitchell 853 S.W. 2d 1, 4 (Tex. Cr. App. 1993). Both Counsel's trial and Appellate. Knew or Should have Known through investigation that Prosecutor Could not and Should not have withheld the favorable evidence and had they both performed there own investigations into the Charge. A.B. 7.(a), 7(b), 8(b), 8(c), 7(c). "When deficient performance at punishment phase is an issue, the applicant" must prove that, but for Counsel's errors, the sentencing jury would have reached a more favorable penalty-phase verdict. See Ex parte Cash 178 S.W. 3d 816, 818 (Tex. Cr. App 2005) (en banc). Benson v. State 249 S.W. 3d 485, 491 (Tex. App - Houston [1st] 2005).

In Benson v. State 224 S.W. 3d 491 (Tex. App-Houston [1st] 2005, the Court of Appeals wrote:

When a defendant is deprived of effective Counsel during the period for Filing a Motion for New Trial, the remedy is to reset the appellate time limits. See Ward v. State 794, 800 (Tex. Cr. App. 1987) (en blanc). In Ward the Court of Criminal Appeals examined Counsel's action in failing to servre a statement of the facts which rendered the Subsequent appeal meaningless. The Court held that the enaction to be ineffective assi-

tence of Counsel in conjunction with a Motion for New Trial. Since the attorney who represents one at trial contenues as a matter of law until replaced by the Courts, the holding both in Benson and Ward seem appropriate.

Appellate Counsel failed to investigate why trial counsel also failed to conduct a pre-trial investigation, since Appellant Counsel had total access to all the records. see Exhibit "C" states this fact in a letter from Appellate Counsel, to Appellant dated August 2014. By the records Appellate Counsel knew or should have known trial counsel failed to file a Motion for New Trial, did no pre-trial investigation, called no medical expert or any fact witness, see Exhibit "C" Appellate Counsel stated, even with all this that he found, that trial counsel's preformance was not deficient, Yet the record shows that trial counsel filed no Motion for New, Called no witnesses for the defence nor called a medical expert.

"There is a persumption that at trial, Counsel at Motion for New Trial is effective. see Jack v. State 64 S.W. 3d 694 (Tex. App-Houston [1st] 2002. The limited information Appellant does have clearly shows. M.O. dated July 24, 2014 pg 16. at Mistrial.[2] Trial Counsel's failure to file a Motion for New Trial and was upheld by Appellate Counsel see Exhibit "C" Appellate Counsel with access to the records knew or should have known how badly trial counsel utterly failed Appellant at trial and punishment phase. In Turner v. Dunham 159 F. 3d 449." When an attorney has made a series of errors that prevent the proper presentation of a defence. It is appropriate to consider the cumulative impact of errors is accessing prejudice". Id., at 457 (citing Harris v. Wood 64 F. 3d 1438-39 (9th Cir. 1998). This violated Appellant's constitutional right to due process and fair trial as guaranteed by Amendments 5,6,8 and 14 to the U.S. Constitution. This for cause no. 1239111 Complaintant Natasha Youngblood.

BRADY VIOLATION- The standard of review: Test used to determine whether prosecution's actions concerning disclosure of evidence have violated due process under Brady doctrine is whether the prosecutor: (1) failed to disclose evidence (2) favorable to the accused and (3) the evidence is mation, meaning there is a reasonable - - - -

probability that had the evidence been disclosed to the defence the result of the proceding would have been different. U.S.C.A. Amend.14 Little V. State 991 S.W. 2d 864 (Tex.Cr.App.1999), A.B. 2.(b),-2.(c),-2.(d),-3(b),-3.(b).

State Knew or Should have Known that both Complaintant's were not telling the truth as also Stated in M.D. 110-A. see pg 18. ref. then pg 17. para(1) this document, by law, this can be re-filed at a later date unless it has been dismissed with prejudice, wherein the Statement (To be filed if necessary) or refiled violating Appellant's constitutional right in that Prosecutor would have to use a witness who perjured herself in the same like/linked case. see Exhibit "A" this cause no. 1239111 and Exhibit "A" in M.D. 110-A, (ref this's document pg 18, 17).

The DNA evidence pointed to the possible probability of it being the boyfriend of the Com-plaintant Natasha. Prosecutor's having all the access to the evidence and Knew or Should have Known Appellant Committed no crime, Kyles 514 U.S. 439-440; Ex parte Adams 768 S.W. 2d at 292, and there was no evidence to support a conviction. Kyles 514 U.S. 438-440; Ex parte Adams 768 S.W. 2d at 291-292., A.B. 1.(a),-1.(c),-1(d),-2.(f); Yet 2.(b).-2.(c),-2.(d),-2(g),-4(b),-3.(b),-3.(d),-4(d). all these impeach the doctor's diognosis in A.B. 2.(f). (R.R.Vol 3 at 98).

The Complaintant's Jasmine Youngblood the sister and Natasha both perjured them-selves and prosecutor Knew or should have Known that the testimony of Complaintant's were in fact false. see Costellano 863 S.W. 2d 476. 485 (Tex.Cr.App.1993). The Due Process Clause of the Fourteenth Amendment requires disclosure even without a request for Brady evidence, i.e., material evidence favorable to the accused. See Brady v. Maryland 373 U.S. 83 (1983); Ex parte Mowbray 943 S.W. 2d 461. 466 (Tex.Cr. App. 1996) (State has an "affermative duty" to disclose favorable evidence); Ex parte Lewis 587 S.W. 2d 697. 700 (Tex. Cr. App. 1979). The Prosecutor with-holding of favorable material evidence from the Appellant the Court and the jury, vio-lated Appellant's right to due process. Appellant has been deligent in trying to acquire the Biological Exculpatory Evidence and Confidential Records needed for his defence Trial Counsel refused to release Appellant's records as did Appellate Counsel and Court's see Exhibit C, D, F, G. See Bagley 473 U.S. at 676; Ex parte Mitchell 853 S.W. 2d 1, 4 (Tex.Cr. App. 1993)

also Brady and The Fourteenth Amendment To The United State's Constitution.

Appellant is and was indegent at the time and did send in a pauper is oath and offidavit. Appellant can not afford the cost as requested in Exhibit "D" and wrote to the law library Exhibit "E", and recieved an answer that they could not help with any of my records, and did not peovide free copies as did the letter from The Court of Criminal Appeals, Exhibit "D". The State's withholding of the favorable evidence violated the Appellant's Constitutional right to due process and fair trial as guaranteed by Amendments 5,6,8 and 14 to the United State's Constitution on this Cause no. 1239111 complointant Natosha Youngblood.

RIGHT TO ACCESS TO EXCULPATORY BIOLOGICAL EVIDENCE; – The Prosecutor/State denied Appellant a Constitutional right under Brady, the right to access potentially Exeulpatory Biological Evidence in violation of the balancing test which weighs the risk of convicting on innocenct person, against the government's interest in avoiding disclosure. A.B. 3(a), -3(b), -2(f), -2.(d). see Matthew v. Eldredge 424 U.S. 319 (1976). The Due Process of The Fourteenth Amendment requires disclosure even without a request for Brady evidence. i.e., Material evidence favorable to the accused. see Brady v. Maryland 373 U.S. 83 (1967); Ex parte Mowbray 943 S.W. 2d 461, 466 (Tex. Cr. App. 1996) (State has a affirmative duty to disclose any favorable evidence); Ex parte Lewis 587 S.W. 2d 587 S.W. 2d 699, 700 (Tex. Cr. App 1979).

The record shows that the State Knew or should have Known that the release of the Exculpatory Biological Evidence and Confidential Records would result in the possible probability of Appellant's acquittal in the charge. Appellant request for Exculpatory Biological Evidence was denied. See Exhibit "D" and G", and denied by Court of Criminal Appeals and Appellant request was also denied by State. See Exhibit "F." The DNA belonged to someone eles and not to Appellant. A.B. 3.(b), -3.(d). There is a reasonable probability that had the favorable evidence been released for Appellant's defence, the outcome of the trial would have been an aquittal. As Stated by State's witnesses, The DNA was not Appellant's DNA, and there was no sign that Appellant sexvally assaulted Complointant.

2.(c),-2.(d).

A reasonable probability is a probability sufficient to undermine the confidence in the outcome. See United States v. Bagley 473 U.S. at 682, 105 S. Ct. at 3383 (opinion of Blackmun Jr.), Id., 473 U.S. at 685, 105 S. Ct. 3385 (opinion of White J.) Pennsylvania v. Ritchie 480 U.S, 480 U.S. 39 56-59, 107 S. Ct. 989. 1000-02, 94 L. Ed. 2d 40 (1987) (majority opinion).[6] U.S. v. Weintraub 871 F. 2d 1252 (5th Cr. 1989). Now the quest for Appellant's favorable evidence should have began and ended with the State releasing to Appellant all Biological Exculpatory and Confidential Records, and also the name to whom the DNA belonged. Withholding this favorable evidence was a violation of Appellant's Constitutional right to due process and fair trial as guaranteed by Amendment's 5,6,8 and 14 to the U.S. Constitution. This for Couse no. 1239111 Complaintant Natasha Youngblood.

PROSECUTORTAL MISCONDUCT BY MEANS OF DUE PROCESS,- With the help of perjured testimony from both Complaintant's Natasha and Jasmine Youngblood, State gained a conviction of Appellant which falsely accused Appellant of sexually assaulting them. Trial and appellate Counsel both failed to aggressively attack the State/Prosecution's Charge of Aggravated sexual assault. While the State violated Appellant's due process right by withholding vital material favorable evidence which Shows to whom the DNA belonged. Trial and Appellate Counsel both failed to file a Motion for Additional DNA Testing. Appellant went on to file Motion for Forensic DNA Testing on August 11, 2014 and was denied. See Exhibit "F".

Appellant was denied access to the favorable evidence. See Ex parte Thompson 153 S.W. 3d 416, 419-420 (Tex. Cr. App. 2005) A.B. 9(a) Proponent of Scientific evidence must show by clear and convincing proof, that the evidence he is preffering is sufficiently revelent and reliable to assist the jury in accuratly understanding other evidence or in determining a fault in issue. Rules of Evidence 702. Wheotherred v. State 115 S.w. 3d 504, A.B. 2(b),-2.(c),-2.(d),-2.(g),-3.(b),-3.(d). However, 2.(e) was false and was only used to bolster the State's Case/charge of no evidence. See Dalton v. State 898 S.W.2d 424 (Tex. App-Fort Worth 1995).

Prosecutor should have known that to seek a conviction of an innocent person without any evidence would violate Appellant's Constitutional right to due process and fair trial, A.B. 3.(c)-3.(b).-3(d). Appellant was denied a constitutional right to access potentially Exculpatory Biological Evidence in violation of the balancing test, which weighs the risk of convicting an innocent person against the governments interest in avoiding disclosure. A.B., 3.(a),-3(c)-3(b),-3(d). See Matthew v. Eldridge 424 U.S. 319 (1976). The Prosecutor can not say they did not know of the evidence. "An individual Prosecuter has a duty" to learn of favorable evidence known to the others acting on the governments behalf in the case, including the police." Kyles 514 U.S. at 437-438; Ex parte Adams 768 S.W.2d at 291-292.

Knowledge of law enforcement agencies is imputed to the prosecutor, even if the Prosecutor himself did not know of the evidence. Kyles 514 U.S. at 438-440; Ex parte Adams 768 S.W.2d at 292. The record clearly states that there was DNA found that was not Appellant's DNA. A.B. 2.(a)-2.(c)-2(9),-3.(c),-3.(d)-9.(a) The testimony of State's witnesses Kerr and Phillips who performed the DNA analysis in 2012, 2.(c)-2.(d).-2.(b)-3.(c),-3(b),-3(d). Had the favorable evidence been released by the State, the probability of Appellant being acquitted is the most reasonable probability, because the DNA did not belong to Appellant, 3.(a)-3.(b)-3.(d), 2.(d),-2.(b).

"A reasonable probability" is a probability sufficient to undermine confidence in the outcome. United States v. Bagley 473 U.S. at 687,102 S.Ct. 3383 (opinion Blackmun Jr.), Id., 173 U.S. at 685, 105 S.Ct. 3385 (opinion of White J.). Pennsylvania v. Ritchie. 480 U.S. 36. 56-59. 107 Ct. 1001-02,94 L.Ed. 2d 40 (1987)(majority opinion)? U.S. v. Weintraub 871F. 2d 1259 (5th Cir.1989) "No Harm analysis is Utilized." Bagley error could not be treated as harmless, since a reasonable probability exist that had the evidence been disclosed to the defence, the result of the proceeding would have been different, necessarily entails the conclusion that the suppression must have had substantial and injurious effect or influence in determining the jury's verdict. See Kyles 514 U.S. at 435. A.B. 2.(f) impeachment

34.

testimony., 2.(c), -2.(b), -2.(d), -2.(9), -4.(b), -3.(c), -3.(b)-3.(d).

The Court, However has recognized that a defendant's due process right to fair trial prohibits the prosecution from suppression of evidence that is favorable to the accused and material either to guilt or punishment. Brady 83 S.Ct. at 1196-97. Evidence that impeaches the credibility of a government witness whose testimony "may well be determinative of [the defendant's] guilt or innocence" is Brady material that the prosecutor may not suppress. Giglio v. United States 405 U.S. 150, 92 S.Ct. 763, 766, 31 L.Ed.2d 104 (1972) (quoting Napue v. ILLINOIS 360 U.S. 264, 79 S.Ct. 1173, 1177, 3 L.Ed.2d 1217 (1959). U.S. Martinez-Mereado 888 F.2d 1484, 1488 (5th Cir 1989). Prosecutor's withholding of the favorable evidence was Misconduct and violated Appellant's Constitutional right to due process and fair trial as guaranteed by Amendments 5,6,8 and 14 to the United States Constitution. This representing Cause no. 1239111, Complaintant Natasha Youngblood.

PROSECUTORIAL USE OF PERJURED TESTAMONY BY MEANS OF DUE PROCESS; The Prosecutor Knew or should have Known the testimony of the Complaintant's Natasha and sister Jasmine Youngblood were false, and prejudice resulted. From the mouth of State's own witnesses, who stated more than once that Appellant could not have nor was the source of the DNA found, A.B. 2.(d), -3.(c), -3.(b), -3.(d). Therefore the State knew or should have known through investigation (which Appellant's trial Counsel and Appellate counsel both failed to do), that the Complaintant's would be perjuring themselves. see Kyles 514 U.S. at 438, 440; Ex parte Adams 768 2d at 292. 9.(a) -9.(b).

Withholding of this favorable evidence as to Appellant's Confidential Records and the Biological Evidence State hid the facts and bolstered there case of no evidence. see Kyles 514 U.S. at 433-434, Bagley 473 U.S. at 682; Ex parte Adams 768 S.W.2d 281, 290 (Tex.Cr.App. 1989). Calling in expert witnesses Knowing that there was no evidence in which to charge Appellant, violated a Constitutional right of due process. The expert witnesses testified to a charge created out of both Complaintant's perjured testimony and the withheld favorable evidence, when in fact no crime had been

committed by Appellant "When there has been no evidence upon which to base a conviction a violation of due process has occured and the conviction maybe attacked collaterally in a habeas corpus praceding: see Ex parte Coleman 599 S.W.2d at 307.

"An individual prosecutor has a duty to learn of favorable evidence known to others acting on the governments behalf, including the police. Kyles 514 U.S. at 437-438; Ex parte Adams 768 S.W.2d at 291-292. The prosecutor failed in it's duty and vidated Appellant's constitutional right to due process. T[F]ailed to adhere to a legislative directive or mode of procedure designed to safe guard a constitutional right will likewise be cognizable only when the omission results in denial of the constitutional protection See Ex parte Tovar 901 S.W.2d 484,485 (Tex. Cr. App, 1995); Ex parte Douthit 232 S.W.3d 69 (Tex. Cr. App. 2007). When the State/Prosecutor did not bring fourth the favorable evidence it caused the possible probability that variances were created in which Appellant was convicted on the basis of facts different than those facts the charge were based.

Appellant committed no crime of sexual assault as stipulated in the indictment and perjured testimony gained a conviction of the Appellant. "Therefore if the State makes unnecessary allegations discriptive of the offence charge, the State must establish such allegations by evidence. see Peters V. State 652 S.W.2d 460,461 (Tex App.-Houston [1st Dist.]1983 pet. ref'd. The incarceration of Appellant, who was Actually Innocent violated Appellant's constitutional right to due process and fair trial as guaranteed by Amendments 5,6,8 and 14 to the United States Constitution, and this for Cause no. 1239111, Complaintant Natasha Youngblood.

PROSECUTORIAL MISREPRESENTATION BY MEANS OF DUE PROCESS;- In Using perjured testimony it led to the prosecutor's mistatement of the facts and was used to obtain Appellant's conviction and was clearly misconduct by means of due process. The prosecutor knowingly withheld "favorable evidence that would have acquitted Appellant, and violated Appellant's right to due process.

"Willful conduct" requires one to be more than negligent, that is, one must act with

purpose and design, negligent encompasses no such means, rea. but rather the failure to act reasonable under the circumstances, the present :- Burnett Runches v. Cono Petruleum, 289 S.W. 3d 862" Furthermore prosecutor has plans to probably violate Appellant's Constitutional right in the future, by filing the sister's charge, which was dismissed, but not with prejudice in which can be refiled at a later date. See record M.O. 110-A see, ref pg 18, this document, then pg 17. para. (1) See Exhibit "A", also see Exhibit "A" of M.O. 110-A. M.O. 110-A was sent in with cover sheet as 1239111, but mistakingly filed as Cause 1239110-A. In using Jasmine's case against Appellant would violated Appellant's Constitutional right, as she perjured herself, becouse both claimed sexual assault when no sexual assault had taken place by Appellant. A.B. Physician claim. 2.(f) Yet his diagnosis was impeached by State's own witnesses. 2.(b)-2.(c)-2.(g)-2.(b)-4.(b)-6.(a)-6.(b)-2.(d)-3.(a)-3.(b)-3.(d). This did and will violate Appellant's Constitutional right to due process.

"No harm analysis is Utilized" Bagley error could not be treated as harmless since a reasonable probability that had the evidence been disclosed to the defence the results of the proceding would have been different, necessarily entails the conclusion that the suppression must have had a substantial and injurious effect of enfluence in determining the jury's verdict. Kyles 514 U.S. at 435. Through misrepresentation and misconduct by means of due process the prosecution knew or should have known through investigation and recieving of information from the various government agencies, that Appellant was Actually Innocent. Kyles 514 U.S. at 437-438; Ex parte Adams 768 S.W. 2d at 291-292 also Kyles 514 U.S. at 438-440; Ex parte Adams 768 S.W. 2d at 292.

The record clearly shows that there was DNA found. A.B. 3.(a)-3.(c)-3.(b)-3.(d). The Prosecutor knew or should have known that the complaintant's would be perjuring themselves and State would be using that perjured testimony to gain a conviction. Misrepresentation full on this cause and the one dismissed which states Aggrevated Sexual Assault of Child Under 14 years of Age. "Therefore if the State makes un-

necessary allegations discriptive of the Identity of the offence charge, the State must establish such allegations by evidence. See Peter v. State 652 S.W.2d 460.461 (Tex.App-Houston [1st Dist] 1983 pet. ref'd. A.B. 2.(f). Yet 2.(c),-2.(b),-2.(g),-3.(a),-3.(b),-3.(d). This violated Appellant's constitutional right to due process and fair trial as quaranteed by Amendments 5,6,8 and 14 to the United States Constitution. This for Cause no. 1239111 Complaintant Natasha Youngblood.

CUMULATIVE ERROR.- There were many, errors were not harmful in and of themselves which we conclude they were, the Combined effect of all the errors in the case (including the opinion testimony (of Detective Carroso) harmed Appellant. Sandaval v. State 409 S.W.3d 259, 279 (2013). See Gomboa v. State 296 S.W.3d 574, 585 (Tex. Crim. App. 2009)"(I)t is possible for a number of errors to Cumulatively rise to the point where they become harmful[.]. State's expert witness Lawrence Thompson was only used to bolster the State's case of no evidence and to sway the jury to convict where there was no evidence. 5.(a),-5(b),-5.(c) and 2.(f) verses impeachment testimony from State's own witness. 2.(b),-2(c),-2.(d) and 6.(a),-6.(b) with 3.(c),-3(b),-3.(d)-4.(d).

Sandaval (409 S.W.3d 290)"based solely upon two diametrically different virsions of an event unaided by any physical, scientific or other corroborating evidence." The only direct evidence of a sexual assault was (E's account in her testimony r9. A.B 1.(d) 2.(c),-2(d),-2.(g),-3.(c),-3.(b),=3(d). The State presented no corroborating evidence. 20 (.E's testimony was improperly bolstered., A.B. 2.(e),-5.(b),-5.(c)-6.(a),-6.(b). 2.(e) was only said to bolster the State's Case of no evidence. See Dolton v. State 898 S.W.2d 424 (Tex.App-Fort Worth 1995). The prosecutor's own witness. Terra Kerr as stated, testified that the attending physician made the diagnosis, Natasha had been sexvally assaulted 2.(f), yet this second hand testimony was not objected to by Appellant's trial Counsel and was used by the State to bolster it's case of no evidence.

Again Terra Kerr helped bolster the prosecution's case of no evidence. Kerr testified that Natasha appeared quite tearful, over whelmed and scared. A.B. pg4 (R.R Vol 3

at 77). The Prosecutor failed to present, Appellant, the jury or Counsel with the favorable evidence that would have acquitted Appellant of any wrong. See Ex parte Perales 215 S.W. 418, 419 (Tex.Cr.App,2002). The State withheld the name to whom the DNA found belonged two. A.B. 3.(c),-3.(b),-3.(d),-2(c),-2(d),, this with the possible probability of the DNA belonging to the Complaint ant's Natasha's boyfriend. See Taylor v. ILLINOIS 484 U.S.400 (1988); Holmes v. Sicor 126 S.Ct. 1727 (2006) Kyles v. Whitley 514 U.S. 419 (1995). A.B. 3.(b),-3.(d). The favorable evidence was not released to Appellant by State. see Exhibits "F, D and 6."

Nor was it released by Appellate's counsel. see Exhibit "C" this to include trial Counsel as well. "Evidence is favorable if when disclosed and used effective, it may make the difference between Conviction and aquittal. Bagley 473 U.S. at 676; Ex parte Mitchell, 853 s.w. 2d 1,4 (Tex. Cr. App, 1993).[T]he duty encompasses impeachment evidence as well as Exculpatory Evidence. Strickler v. Greene 527 U.S, 263, 280 (1999) (citing United States v. Bagley 473 U.S. 662 (1985). While Appellant's Counsel at trial failed to investigate at all, any aspects of the Charge. Appellant's Appellate Counsel also failed Appellant. see Bell v. Cronic 535 U.S. 685-96 (2000)(citing United States v. Cronic 486 U.S. 648-662 (1984). Counsel failed to present properly the grounds or Conform to common appellate rules on 23 of 27 alledged errors an on habeas failed to satisfactorly, explain why he failed to do so. Exhibit's "B,C." see Ex parte Dietzman 790 s.w. 2d 305-307 (Tex. Cr. App. 1990).

Had Appellant been allowed access to the vital material evidence, Appellant would have been able to defend himself properly, and proving to whom the DNA that was found belonged too. see Jackson v. Varginia 443 U.S. 307 (1989) The outcome would have been an acquittal. See Kyles 514 U.S. 433-434; Bagley 473 U.S. at 682; Ex parte Adams 768 S.W. 3d 281, 290 (Tex.Cr.App 1989). see Exhibit's "D, E, 6" A.B. 2.(b),-2.(d). There were errors at sentencing and deficient performance at punishment when a juror (who was not the foreman) sent a note asking as to, would the jury learn of why Appellant had been in jail for the purpose of punishment not guilt. This Created the possible probability that the juror or jury had already in there minds, found Appellant guilty. S.B. pg 8. para.1[2]

39.

(R.R 222-4 R.R.29), TEX. CODE. CRIM. ANN. at 37.07 §3 (a)(l) (veron. Supp. 2003) Id. See Haizor v. State 12 S.W.3d 479 (Tex. Cr. App. 2002); Fields v. State 1, S.W.3d 687 A.B. 7(a)-8(a)-8(b)-8(c)-9(a)-9(b), 9(c).

Counsel was unprepared on all points to mount an aggressive attack on State's Charge by failing to conduct a pre-trial investigation on any aspects of the charge/case. See Wiggins v. Smith 539 U.S. 510 (2003). Counsel failed to call facts witness or medical expert as the trial records clearly shows. See Pavel v. Hollins 261 F.3d 210. 4. Criminal law 641.13 (2.1, 6) 4. A failure to prepare a defence. b. Failure to Call important facts witness. C. Failure to Call a medical expert. Ineffective assistance of Counsel. Lindstadt v. Keen 239 F.2d 191 12, Criminal Law 641.13 (2,1,6), 15-Habeas Corpus 482 (2); A.B. 7.(a)-7(b)-7(c)-8(a)-8(b)-8(c).

Trial Counsel failed to object at jury Charge are to reague the Charge and failed to file a Motion for New Trial. Court of Criminal Appeals. M.O. dated July 24, 2014 pg 16 paragraph (1) Appellant further asserts that the Charge was modified without the opportunity for further reagument. The record however shows that the Court gave both sides the opportunity to reague, and both sides declined. And trial Counsel's failure to file a Motion for New Trial. M.O. pg 16 at Mistrial.[2] A.B. 2(a)-8.(a)-8(b).

In Benson v. State 224 S.W.3d 485, 491 (Tex. App.-Houston [1st] 2005. Court of Criminal Appeals Wrote:

"When a defendant is deprived of effective Counsel during the period for filing a Motion for New Trial, the remedy is to reset the appellate time limits. See Ward v. State 740 S.W.2d 794, 800 (Tex. Cr. App. 1987) (en blanc)" In Ward the Court of Criminal Appeals examined Counsel's action in failing to secure a Statement of the facts which rendered the subsequent appeal meaningless. The Court held that the inaction, to be ineffective assistance of Counsel in Conjunction with a Motion for New Trial, Since the attorney who represents one at trial contenues as a matter of law until replaced by the Courts, the holding both in Benson and Ward seem appropriate. The record clearly shows that counsel failed to file a Motion for New Trial.

"There was a presumption that trial counsel at Motion for New Trial is effect-

tive. See Jack v. State 645 S.W. 3d 694 (Tex. App-Houston [1st] 2002). This ineffectiveness extended to Appellate counsel who also failed in his duty. Appellant was denied his due process right to fair trial and Access to Confidential Records and the Exculpatory Biological Evidence in possesion of the State. See Exhibit D,F,G. In Texas, incarceration of an innocent person violate's due process. Ex parte Elizonado 947 s.w3d 201 (Tex. Cr. App 1996). Appellant has suffered harm and collateral damage being incorcerated falsely. And when Appellant is acquitted prosecution has plans to further violate Appellant's Constitutional rights by filing the case for the sister. M.O.110-A and it's Exhibit "A", in which the Complaintant Jasmine Youngblood testified in her sister's trial perjuring herself to help her sister, Complaintant Natasha Cause no. 1239111 for this document.

M.O. 110-A. see pg. (18). ref. then pg (17), para (1) this document. See Exhibit A this document and in M.O.110-A and it's Exhibit "A" the same Charge in M.O.110-A. Unless this has been (dismissed with prejudice), it may be refiled at a later date by the State. And in so doing, State would be using a witness whose perjured testimony was used to violate Appellant's Constitutional rights, at this time. If refiled Appellant would be incorcerated again under False occusations, because no sexual assault had token place between Appellant and Complaintant Natasha Case no. 1239111 or Complaintant in misfiled Charge M.O.110-A. 6(a),-6(b),-2(A) against 2(d)-2(c),-2(a),-3(c),-3(a),-3(b),-3(d).

This show the State's willingness to violate a legislative directive and is now and would then if Charge is refiled violating Appellant's Constitutional right to due process and fair trial. "Willful conduct requires one to be more negligent, that is, one must act with purpose and design, negligence encompasses no such means rea, but rather the failure to act reasonable under the circumstance then present - Burnett Ranches, Ltd v. Cono Petroleum inc. 289. Had the favorable evidence been admitted at trial or through Appellate counsel's investigation, Appellant would have been acquitted. No harm analysis is utilized "Bagley error could not be treated as harmless since a reasonable probability that had the evidence been disclosed to the

defence, the result of the proceeding would have been different, necessarily must have had substantial and injurious effect or enfluence in determining the verdict. Kyles 514 U.S. at 435. A.B. 1.(a),-1.(d),-2.(f),-2.(e),-6.(a),-6.(b),-5.(c) against 2.(b),-2.(c),-2.(g),-2.(d),-3.(a),-3.(b),-3.(d).

Through Prosecutorial willful Misconduct By Means of Due Process in Misrepresentation, see misfiled M.O.110-A, sent in as Cause no. 1239111, Complaintant Natasha Youngblood And Use of Perjured Testimony by Means of Due Process, that on February 22, 2013, a jury had Found Appellant Carl Edmond Yancy, guilty of the alleged offence of Aggrevated Sexual Assault of a Child under 14 years of Age. This while Prosecutor knew or should have known that Appellant had been cleared of any such act in a DNA analysis in 2012. A.B. 3.(c),-3.(a),-3.(b),- and 3.(d) compared the DNA found and confirmed Appellant was an innocent person, State witness Terra Kerr also established Appellant innocence when a Variance was created in the Charge. 2.(f) Kerr who helped with the examination impeaches that statement. 2.(b),-2.(c),-2.(d),-2.(g),

Complaintant Jasmine Youngblood ref. M.O.110-A as stated the Case was dismissed with the statement. (To be filed if necessary) this points to the probability of willful misconduct. See Exhibit "A" this document Cause no. 1239111, Complaintant Natasha Youngblood M.O.110-A. See pg (18) ref. then pg (17) para (1) this document. See Exhibit "A" this document and in M.O.110-A and it's Exhibit "A", the same charge as in M.O.110-A. Unless this charge has been (dismissed with prejudice) it may be refiled at a later date by State/Prosecution. And in doing So, State would be using a witness whose perjured testimony was used to incarcerate and violate Appellant's constitutional right's under Amendments 5,6,8 and 14 to the United State's Constitution. If Charge, in misfiled M.O.110-A is refiled Appellant would be incarcerated again under a false accusation, because no Sexual assault had taken place between Appellant and complaintant Natasha in Cause no.1239111 or complaintant in misfiled charge in M.O.110-A. 6.(a),-6.(b),-2.(f) against 2.(d),-2.(c),-2.(g),-3.(a),-3.(b),-3.(d). see Exhibit "A"

Natasha Youngblood Cause no. 1239111 and her sister Jasmine Youngblood

perjured themselves and this is verified by the State's witness. Both invented a story of abuse and sexual assault so that they would not have to move to San Antonio, Texas, when no abuse or sexual assault took place. A.B. 1.(a), 1.(c), 1.(d), 1.(b), 2.(b), 2.(f), 2.(c), 2.(d), 6.(a), 6.(b), 2.(g), 3.(c), 3.(a), 3.(b), 3.(d). See Ex parte Tovar 901 SW. 2d 484, 485 (Tex. Cr. App. 1995); Ex parte Douthit 232 S.W. 3d 69 (Tex.Cr. App. 2007). On February 25, 2013 Appellant was tried, convicted and sentenced to 45 years even though the DNA analysis was completed in 2012 clearing Appellant the year before sentencing. A.B. 3.(c), 3.(b), 3.(d). See Kyles 514 U.S. at 435-440; Ex parte Adams 768 2d at 292, also see Kyles 514 U.S. at 437-438. Ex parte Adams 768 S.W. 2d at 291-292.

Prosecutor knew or should have known through investigation that the DNA found from the complaintant was not Appellant's DNA and that the alleged assault was committed by someone eles. The State's DNA analysis shows that Appellant should not have been tried, then convicted, but for the errors at trial. In Turner v. Duncan 159 F. 3d 499. "When an attorney has made a series of errors that prevent proper presentation of defence it is appropriate to consider the cumulative impact of errors in accessing prejudice." Id, at 457 (citing Harris v. Wood 64 F. 2d 1438-39 (9th Cir. 1998).

The State has made allegations in a charge of Aggrevated Sexual Assault of Child under Age 14 without any evidence, "Therefore if the State makes unnecessary allegations discriptive of the Identity of the offence charge, the State must establish such allegation by evidence. See Peters v. State 652 S.W. 2d 460, 461 (Tex. App.-Houston [1st Dist] 1983. pet. ref'd. Charge in M.O. 110-A should by constitutional right not be allowed to be refiled, because no sexual assault had taken place. 2(f) and the impeachment testimony of 2.(b), 2(c), 2(d), 2(g), 3.(a), 3.(b), 3.(d). To allow State to refile M.O. 110-A with Complaintant Jasmine Youngblood who made false testimony in her sister's Charge case no. 1239111 Complaintant Natasha Youngblood. Both cases should be dismissed permenatly or risk the probability of violating Appellant's constitutional right as guaranteed by Amendments 5,6,8, and 14 to the U.S.

43.

Constitution, for a second time. This for Cause no.1239111 Complaintant Natasha Youngblood

The Court however has recognized that a defendant's due process right to fair trial prohibits the prosecution from suppressing evidence that is favorable to the accused and "material either to guilt or to punishment. see Bagley 53 S.Ct. at 1196-92 Evidence that impeaches the credibility of a government witness "whose testimony may well be determinative of [the defendant's] guilt or innocence" is Brady material that the prosecution may not suppress. see Giglio v. United States 405 U.S.150. 92 S.Ct. 763, 766 31L. Ed. 2d 104 (1972)(quoting Napue v. ILLINOIS 360 U.S. 264 79 S.Ct. 1173, 1177, 31L. Ed. 2d 1217 (1959) U.S. v. Martinez-Mereado 888 F. 2d 1484, 1488 (5th Cir 1989). The suppression of the favorable evidence violated Appellant's Constitutional right to due process and fair trial as guaranteed by Amendments. 5,6,8 and 14 to the U.S. Constitution. Mailed to the Clerk of the Court-Christopher A. Prine-First Court of Appeals-301 Fannin-Houston, Texas 77002

Excuted on this 30 day of November 2015

RESPECTFULLY SUBMITTED

Carl Edmond Yancy

Carl Edmond Yancy

"Mac" Stringfellow Unit

1200 FM 655

Rosharon, Texas 77583

TDCJ-CID# 1842638

## CONCLUSION

Natasha the complaintant Case no.1239111 tried to sneak a boyfriend into the Apartment. She thought Appellant was going to work. A.B. (R.R. Vol. 3 at 190). Appellant decided to move them to San Antonio, Texas were Appellant's sister lives because the girls were getting out of hand. The complaintants made the allegations of sexual assault to stop the move to San Antonio. On cross-examination, Phillips conceded that there was DNA

44.

found that did not belong to nor matched Appellant's DNA. (R.R.Vol.3 at 112-117). The attending physician made the diagnosis of Sexual assault with Kerr assisting. Kerr however impeached this testimony by stating after a 2 hour examination she found no evidence of a sexual assault. (R.R.Vol.3 at 104) pg 4, 16. no physical evidence that a sexual assault took place (R.R.Vol.3 at 99) and the only evidence was Natasha and her sister Jasmine's testimony (R.R.Vol 3 at 105) The statement against the secondhand testimony of Kerr that the attending physician made the diagnosis of sexual assault created a variance and the DNA analysis cleared Appellant in 2012. (R.R.Vol 3 at 116). Yet Appellant was taken to trial, found guilty and sentenced to 45 years.

The new evidence of the DNA analysis that the State withheld is to whom the DNA that was found belonged too. See Elizando 947 S.W.2d 202 (Tex. C. App. 1996) The Due Process Clause of the Fourteenth Amendment requires disclosure even without a request for Brady v. Maryland 373 U.S. 83 (1963); Ex parte Mowbray 943 S.W.2d 461,466 (Tex. C. App. 1996) (State has an affirmative duty to disclose favorable evidence). Ex parte Lewis 587 S.W. 2d 697, 700 (Tex. C. App. 1979). Trial counsel failed to call important facts witness as medical expert, are to investigate at all. See Pavel v. Hullins 261 F. 3d 210 also. See Lindstadt v. Kean 239 F. 2d 196 and Dunham 650 S.W. 2d 875 (Tex. C. App. 1983).

Counsel failed to file a Motion For Additional DNA Forensic DNA Testing or to file a Motion For New Trial. "When a defendant, is deprived of effective counsel during the period for filing a Motion For New Trial, the remedy is to reset the Appellate time limits. See Ward v. State 740 S.W. 2d 794, 800 (Tex. C. App. 1989). The State prosecuted Appellant without evidence and knew or should have known Appellant was Actually Innocent with the 2012 DNA analysis results. See Kyles 514 U.S. at 438-440; Ex parte Adams 768 S.W. 2d at 292 and also. Kyles 514 U.S. at 437-438; Ex parte Adams 768 S.W. 2d at 291-292. The State knew or Should have known it was proceeding with Misconduct by Means of Due Process and the Use of Perjured Testimony by Means of Due Process and Prosecutorial Misrepresentation by Means of Due

Copy

Process. For Charge number 1239111, Complaintant Natasha, Same as in the next two lines. M.O. 110-A see pg. (18) this document ref. then pg (17) paro (1), this document. See Exhibit "A" this document and M.O. 110-A and it's Exhibit "A", sent in as Charge number 1239111, mistakingly misrepresented as Charge no, M.O. 110-A and unless this Charge in M.O. 110-A as stated (To be filed if necessary)" has been (Dismissed with Prejudice) it may be refiled at a later date, by State/Prosecution. And in so doing State would be using a witness/Complaintant Jasmine Youngblood whose perjured testimony was used to incarcerate falsely, violating Appellant's Constitutional right. When Appellant is acquitted and the Charge in mistakingly misrepresented Charge M.O. 110-A is refiled would reincarcerate Appellant again as in statement "(To be filed if necessary)".

In which the State/Prosecution, can with all possible probability would do. This would be under a false accusation because no sexual assault had taken place between the Appellant and complaintant Natasha cause no. this document 1239111 or with Complaintant In misfiled for Jasmine Youngblood the sister M.O. 110-A. this in both with no evidence and perjured testimony. 1.(a)-1.(d),-1.(c),-6.(a),-6.(b),-2.(f) with impeachment testimony as 2.(d),-2.(c),-2.(g),-3.(c),-3.(a),-3.(b),-3.(d). The statement in 2.(e) was only used to bolster the State's Case of no evidence. see Dalton v. State 898 S.W. 2d 424 (Tex.App.-Fort Worth 1995). Therefore if the State makes unnecessary allegations discriptive of the Identity of the offence Charge, the State must establish such allegations by evidence. see Peters v. State 652 S.W. 2d 460, 461 (Tex. App.- Houston [1st Dist.] 1983 pet. ref'd.

Executed this day 30 of November 2015, Mailed to Christopher A. Prine-Clerk of the Court - First Court of Appeals - 301 Fannin Street        RESPECTFULLY SUBMITTED _Carl Edmond Yancy_

Houston Texas 77002.                                    CARL EDMOND YANCY

CERTIFICATE OF COMPLIANCE

This document Complies with the Texas Rules of Appellant Procedure 73 and does

46.

not exceed 15,000 words.

This document complies with the word limitations of the Tex. R. App. Procedure, Rule 9.4 (i) because it Contains 13,897 words

RESPECTFULLY SUBMITTED

*Carl Edmond Yancy*

CARL EDMOND YANCY

## CERTIFICATE OF SERVICE

I, CARL EDMOND YANCY, declare and state, under penalty of perjury that the fore-going is true and Correct of this Appellant's Application for WRIT OF HABEAS CORPUS SEEKING RELIEF FROM FINAL CONVICTION UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07 (For Cause no.1239111 Complaint ant Notasha Youngblood.).

Accompanied by Appellant's MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR WRIT OF HABEAS CORPUS PURSUANT TO THE TEXAS CODE OF CRIMINAL PROCEDURE ARTICAL 11.07. EVIDENTIARY HEARING REQUESTED BY APPELLANT, Mailed to Christopher A. Prine Clerk of the Court- First Court of Appeals- 301 Fannin Street - Houston, Texas 77002 EXCUTED ON THIS 30 DAY OF November 2015.

RESPECTFULLY SUBMITTED

*Carl Edmond Yancy*

CARL EDMOND YANCY

## PRAYER

WHEREFORE, ALL PREMISES CONCIDERED. Applicant humbly request this Honorable Court to Suspend Rules 9.3 (b) of Texas Appellote Procedure to allow Appellant to file

Appellant's Memorandum of Law In Support of Applicant for Writ of Habeas Corpus Pursuant to the Texas Code of Criminal Procedure Article 111.07. In and for the Cause no. 1239111, Complaintant Natasha Youngblood. Applicant prays this Honorable Court that it request the 178th District Court of Harris County to Rule on Appellant's Article 64, Motion For Additional Forensic DNA Testing, sent to the Court on August 29, 2015 with no answer as of today's date 30 November 2015, Appellant also prays this Honorable Court look into Appellant's misfiled 11.07 sent to the Courts 5 day of October 2015. The 11.07 was sent in as Cause no 1239111, misfiled as M.O.110-A. see pg (18) ref., then pg (17) para (1) this document, and Appellant also request judgment on this Appellant's 11.07, Cause no. 1239111, Complaintant Natasha Youngblood. Mailed to Christopher A. Prine Clerk of the Court - First Court of Appeals - 301 Fannin Street - Houston, Texas 77002 EXCUTED ON THIS 30 DAY OF November 2015.

RESPECTFULLY SUBMITTED

CARL EDMOND YANCY

## VARIFICATION

I, CARL EDMOND YANCY, declare under penalty of perjury that the foregoing in this MEMORANDUM OF LAW IN SUPPORT of Application for Writ of Habeas Corpus Pursuant to the Texas Code of Criminal Procedure Article 11.07 For Cause no. 1239111, Complaintant Natasha Youngblood is true and correct. Affirmation made pursuant to 28 U.S.C § 1746.

EXCUTED ON THIS 30 DAY OF November 2015                    RESPECTFULLY SUBMITTED

"MAC STRINGFELLOW UNIT"

1200 FM 655                                                CARL EDMOND YANCY

ROSHARON, TEXAS 77583                                      TDCJ-CID # 1842638

Hand Written Copy
CHRIS DANIAL
Harris County District Clerk

December 9, 2015
YANCY EDMOND YANCY
"MAC" Stringfellow Unit
1200 FM 655
Rosharon, Texas 77583


RE: Course # 1239111-A
178th District Court


Dear Applicant

    Your post-Conviction application for writ of Habeas Corpus was recieved and filed on 12/07/2015. Article 11.07 of the Texas Code of Criminal Procedure affords the State 15 days in which to answer the applicant after having been served with said application. After the 15 days allowed the State to answer the applicant, The court has 20 days in which it may order the designation of issues to be resolved, if any. If the Court has not entered and order designating issues to be resolved within 35 days after the State having been served with the application, the application will be forworded to the Court of Criminal Appeals for their consideration pursuant to Article 11.07. sec.(3). (e) of the Texas Code of Criminal Procedure.

    The records of the office reflect the following
CAUSE NO.   PETITION FOR WRIT OF HABEAS CORPUS   DISPOSITION


All future correspondence should indicate the above listed cause number.

Sincerely

Roxana Garcia Deputy
Criminal Post Trial
CCI District Attorney
Judge, Presiding Court

1201 Franklin P.O. Box 4651 Houston, Texas 77210-4651 Page 1 of 1
Rev. 01-02-04

COPY

# COURT OF CRIMINAL APPEALS OF TEXAS
## APPLICATION FOR A WRIT OF HABEAS CORPUS
## SEEKING RELIEF FROM FINAL FELONY CONVICTION
## UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07

### INSTRUCTIONS

1.  You must use the complete form, which begins on the following page, to file an application for a writ of habeas corpus seeking relief from a final felony conviction under Article 11.07 of the Code of Criminal Procedure. (This form is not for death-penalty cases, probated sentences which have not been revoked, or misdemeanors.)

2.  The district clerk of the county in which you were convicted will make this form available to you, on request, without charge.

3.  You must file the entire writ application form, including those sections that do not apply to you. If any pages are missing from the form, or if the questions have been renumbered or omitted, your entire application may be dismissed as non-compliant.

4.  You must make a separate application on a separate form for each judgment of conviction you seek relief from. Even if the judgments were entered in the same court on the same day, you must make a separate application for each one.

5.  Answer every item that applies to you on the form. Do not attach any additional pages for any item.

6.  You must include all grounds for relief on the application form as provided by the instructions under item 17. You must also briefly summarize the facts of your claim on the application form as provided by the instructions under item 17. Each ground shall begin on a new page, and the recitation of the facts supporting the ground shall be no longer than the two pages provided for the claim in the form.

7.  Legal citations and arguments may be made in a separate memorandum that complies with Texas Rule of Appellate Procedure 73 and does not exceed 15,000 words if computer-generated or 50 pages if not.

8.  You must verify the application by signing either the Oath Before Notary Public or the Inmate's Declaration, which are at the end of this form on pages 11 and 12. You may be prosecuted and convicted for aggravated perjury if you make any false statement of a material fact in this application.

9.  When the application is fully completed, mail the original to the district clerk of the county of conviction. Keep a copy of the application for your records.

10. You must notify the district clerk of the county of conviction of any change in address after you have filed your application.

Rev. 01/14/14

Copy

Case No. _____
(The Clerk of the convicting court will fill this line in.)

## IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### APPLICATION FOR A WRIT OF HABEAS CORPUS
### SEEKING RELIEF FROM FINAL FELONY CONVICTION
### UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07

NAME: _CARL Edmond Yancy_

DATE OF BIRTH: _7-8-57_

PLACE OF CONFINEMENT: _"MAC" Stringfellow Unit_

TDCJ-CID NUMBER: _1842638_ SID NUMBER: _____

(1) This application concerns (check all that apply):

☑ a conviction ☐ parole

☐ a sentence ☐ mandatory supervision

☐ time credit ☐ out-of-time appeal or petition for discretionary review

(2) What district court entered the judgment of the conviction you want relief from? (Include the court number and county.)

_178th District Court of Harris County, Texas_

(3) What was the case number in the trial court?

_1239111, Complainant Natasha Youngblood_

(4) What was the name of the trial judge?

_Judge DAVID MENDOZA_

Effective: January 1, 2014            1

Rev. 01/14/14

(5)  Were you represented by counsel?  If yes, provide the attorney's name:

James Brooks

(6)  What was the date that the judgment was entered?

February 25, 2013

(7)  For what offense were you convicted and what was the sentence?

Aggrevated Sexual Assault of Child Under 14 years of Age.

(8)  If you were sentenced on more than one count of an indictment in the same court at the same time, what counts were you convicted of and what was the sentence in each count?

N/A

(9)  What was the plea you entered? (Check one.)

☐ guilty-open plea            ☐ guilty-plea bargain
☑ not guilty                  ☐ *nolo contendere*/no contest

If you entered different pleas to counts in a multi-count indictment, please explain:

N/A

(10)  What kind of trial did you have?

☐ no jury                     ☑ jury for guilt and punishment
                              ☐ jury for guilt, judge for punishment

2

Rev. 01/14/14

(11) Did you testify at trial? If yes, at what phase of the trial did you testify?

_____ *NO* _____

(12) Did you appeal from the judgment of conviction?

☑ yes                    ☐ no

If you did appeal, answer the following questions:

(A) What court of appeals did you appeal to? *The first Court of Appeals*

(B) What was the case number? *NO. 01-13-00168-CR*

(C) Were you represented by counsel on appeal? If yes, provide the attorney's name:

_____ *Crespin Michael linton* _____

(D) What was the decision and the date of the decision? *Affirmed on July 24, 2014*

(13) Did you file a petition for discretionary review in the Court of Criminal Appeals?

☑ yes                    ☐ no

If you did file a petition for discretionary review, answer the following questions:

(A) What was the case number? *PD-1346-14*

(B) What was the decision and the date of the decision? *Denied 2-11-2015*

(14) Have you previously filed an application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure challenging *this conviction*?

☐ yes                    ☑ no

If you answered yes, answer the following questions:

(A) What was the Court of Criminal Appeals' writ number? _____

3

Rev. 01/14/14

**(B)** What was the decision and the date of the decision? _____

**(C)** Please identify the reason that the current claims were not presented and could not have been presented on your previous application.

_____

_____

_____

_____

**(15)** Do you currently have any petition or appeal pending in any other state or federal court?

☑ yes          ☐ no

If you answered yes, please provide the name of the court and the case number:

*Article 64, Code of Criminal Procedure with Affidavit in 176th District Court 11.07 with Memorandum Cause No. 1239110-A WR-80,112-02*

**(16)** If you are presenting a claim for time credit, have you exhausted your administrative remedies by presenting your claim to the time credit resolution system of the Texas Department of Criminal Justice? (This requirement applies to any final felony conviction, including state jail felonies)

☐ yes          ☑ no

If you answered yes, answer the following questions:

**(A)** What date did you present the claim? _____

**(B)** Did you receive a decision and, if yes, what was the date of the decision?

_____

If you answered no, please explain why you have not submitted your claim:

4

COPY

N/A

(17) Beginning on page 6, state *concisely* every legal ground for your claim that you are being unlawfully restrained, and then briefly summarize the facts supporting each ground. You must present each ground on the form application and a brief summary of the facts. *If your grounds and brief summary of the facts have not been presented on the form application, the Court will not consider your grounds.* If you have more than four grounds, use pages 14 and 15 of the form, which you may copy as many times as needed to give you a separate page for each ground, with each ground numbered in sequence. The recitation of the facts supporting each ground must be no longer than the two pages provided for the ground in the form.

You may include with the form a memorandum of law if you want to present legal authorities, but the Court will *not* consider grounds for relief set out in a memorandum of law that were not raised on the form. The citations and argument must be in a memorandum that complies with Texas Rule of Appellate Procedure 73 and does not exceed 15,000 words if computer-generated or 50 pages if not. If you are challenging the validity of your conviction, please include a summary of the facts pertaining to your offense and trial in your memorandum.

5

**GROUND ONE:**

Actual INNOCENCE (Gateway Claim) - Appellant is Actually Innocent of commiting the Charge/crime Cause No. 1239111 complaintant Natosha Youngblood

**FACTS SUPPORTING GROUND ONE:**

With Appellant being Actually innocent of the Charge/crime; hence his procedural default cannot be used to deny him his right to have his claim heard on the merits ---- The DNA tested on 2012 cleared Appellant of any wrong doing in the charge - Appellant's Brief (R.R. vol 3 at 108-117) - 1239111 complaintant Natosha Youngblood. The physician was not called to testifie at trial nor was any medical expert called by the defence. The attending physician and the Sexual Assault Nurse Terra Kerr both examined the complaintants Natosha Youngblood. The physician was said by Kerr to have made the diagnosis of a sexual assault, but in the same examination Kerr impeaches the physicians diagnosis- She conceded that she found no physical evidence that Natosha had been sexually assaulted. (R.R. vol. 3 at 49). The state's witness impeach one another and are in conflict with other government witnesses. This

Rev. 01/14/14

also impeaches the sister's testimony Jasmine Youngblood. Who testified of the sexual assault that didn't take place. (R.R. Vol 4 at 63-64). The State withheld favorable evidence as to whom the DNA that was found belonged too. Nor was the sister Jasmine's medical examination or DNA test brought into question by the trial counsel or the State, which which could have impeached the credibility of the charge against Appellant and proved Appellant's Actual Innocence. Phillips- She conceded That the (DNA found) on the various swabs and the panties (did not match) Appellants DNA. (R.R. Vol 3 at 117). This violated Appellants Constitutional right to due process and fair trial as guaranteed by Amendments 5, 6, 8 and 14 to the United State Constitution. This for case no 1239111. - Natasha Youngblood. See Attached Memorandum cause no 1239111 Natosha Youngblood complaintant. - - - - - - -

Rev. 01/14/14

**GROUND TWO:**

VARIANCE - Petitioner was convicted on the basis of facts that were different than those that the charge were based.

**FACTS SUPPORTING GROUND TWO:** Cause no. 1239111 Complaintant Natasha Youngblood. A staff physician and Kerr a Sexual Assault Nurse Examiner both examined Natasha on April 1, 2009 the physician was said to have made the diagnosis of sexual assault, while Zurry Phillips stated twice at trial that Appellant was not the perpetrator of the charge/crime. (R.R. vol 3 at 112-117). With Kerr who did the initial examination lasting (2-two) hours (R.R vol 3 at 80-84. Found no evidence of a sexual assault had taken place. (RR vol 3 at 104) pg 4, 16 of Appellant's Brief. Which also impeaches complaintant's testimony and her sister's. State knew of should have known through the evidence in their possesion that Appellant committed no crime and was in fact Actually Innocent. The State witnesses with their testimony had created the possible probability of a variance in the trial and the charge it-self. Withholding of favorable evidence as to whom the

8

DNA belonged that was found - (She conceded that the (DNA found) on the various swobs and the panties did not match the Appellant's DNA. (R.R. Vol 3 at 117) also created a variance in the trial and the charge. The State had no evidence to prove that the complaintant's were telling the truth and in fact knew or should have known that the accussations and testimonies were indeed false. This violated Appellant's constitutional right to due process and fair trial as guaranteed by Amendments 5, 6, 8 and 14 to the United States constitution. This for complaintant Natasha Youngblood cause no. 1239111. See Attached Memorandum for cause no. 1239111 Natasha Youngblood complaintant. ------

**GROUND THREE:**

EVIDENCE INSUFFICIENT - Appellant's conviction was obtained with no evidence. Cause no 123811 Complaintant Natasha

**FACTS SUPPORTING GROUND THREE:**

The Appellant's conviction was obtained as a result of evidence that is insufficient to persuade a properly instructed, reasonable jury of his/ Appellant's guilt beyond a reasonable doubt. The State had no evidence as the State's witnesses Terra Kerr and Zurry Phillips both testified too. Kerr admitted that the examining physician made the diagnosis of sexual assault. (R.R. Vol 3 at 98). Yet the physician was not called on to testify in his behalf. Both Kerr and Phillips impeach that statement in Kerr conceded she found no semen, foreign hairs to support Natasha's accusation of sexual assault. (R.R. Vol 3 at 104) pg 4, 16 or her sister Josmine's supporting testimony, she had been sexually assaulted and saw Appellant and Natasha having sex. (R.R. Vol 4 at 63-64). Kerr conceded that she found no physical evidence that Natasha had been sexually assaulted (R.R. Vol 3

10

at 99) and (RR Vol 3 at 105) If there was no sexual assault then the sister's testimony was false and prejudice existed with the possible probability of a variance being created through the State's witnesses testimony of Kerr and Phillips. The State sought and obtained a conviction with no evidence it didn't have, as in the following: Kerr explained that the absence of injuries is not inconsistance with a claime of sexual as-sault, because physical injuries are rarely found. (RR Vol 3 at 94). This ad-dressed in the attached Memorandum pg (22) para (1). end of paragraph Lawrence Thompson he testified he could testify about the dynamics of child abuse, sex abuse even though he had not met Natasha. (RR Vol 4 at 11). These testimonies were only used by State to bolster it's case of no evidence of sexual assault or any assault taking place of charge/crime. This violated Appellant's constitutional right to due process and fair trial as guar-anteed by Amendment's 5,6,8 and 14 to the United States Constitution. This cause no. 1239111, complaintant Natasha Youngblood. See Attached Memorandum case no. 123911 complaintaint Natasha ~~Young~~ Youngblood. - - - - -

11

Rev. 01/14/14

**GROUND FOUR:**

CUMULATIVE ERROR - Petitioner was denied Due Process by the combined effect of individually harmless errors rendering defence less persuasive

**FACTS SUPPORTING GROUND FOUR:**

Complaintant Natasha Youngblood cause no. 1239111 as stated. Appellant was denied effective counsel and was less persuasive than it otherwise would have been --- Favorable evidence was withheld in the DNA analysis that the (DNA found) did not match Appellant's DNA. Kerr testified that she and a staff physician performed the examination of Natasha April first, Appellant Brief. (R.R.vol 3 at 64). And that the physician diagnosed Natasha as a victim of sexual assault. (R.R.vol 3 at 69) pg3, and (RR vol 3 at 98). No medical expert were called, no objections at penalty phase — verdict. Appellate counsel also failed to conform to common appellate rules, trial counsel failed to file Motion for New Trial, Confidential Records were withheld along with Biological Exculpatory Evidence which proves that Appellant had committed no crime/charge. The Prosecutor should have or knew that to proceed would violate Appellants right to due process and fair.

12

trial. State being in possesion of all the evidence knew or should have Known that the complaintant Natasha and her sister Jasmine Youngblood perjured themself. Jasmine who from another charge which was dismissed with the statement (To be filed if neccessary). Knowingly perjured herself to help he sister and bolster the State's case of no evidence. Appellant is Actually Innocent and therefore the discase cannot be used to further violate Appellant's constitutional right to due process and fair trial as guaranteed by Amendments 5,6,8 and 14 to the United States Constitution, see Attached Memonrandum for complaintant Natasha Youngblood cause no. 1239111. - - - - - -

13

**GROUND:**

CRONIC STANDARD - Appellant's counsel so utterly failed to defend against the charge rendering counsel repersentation inadequate

**FACTS SUPPORTING GROUND:**

Appellant's counsel so utterly failed to defend against the charge that the trial was the functional equivalent of a guilty plea, rendering counsel's repersentation presumptively inadequate ----
Counsel did not aggressively attack the charge presented against Appellant. The DNA was compared to (DNA found) on the various swabs and the panties. (R.R. Vol 3 at 117). And Appellant was not a match for the (DNA found). There was no semen or foriegn hairs found belonging to the Appellant, found on the complaintant. Counsel was ineffective and this to include the Appellate counsel as well, who with trial counsel failed to investigate at all any parts or phase of Appellant's charge, and failed to subject the prosecution's case to meanful adversarial testing. Trial counsel failed to request Additional Forensic DNA Testing and Appellant has filed an Article 64, Code of Criminal Pro-

14

Rev. 01/14/14

cedure with Affidavits In Support of Post-Conviction Motion for Additional Forensic DNA Testing sent October 5, 2015 then filed September 14, 2015 with no answer as of today's date October 2015. This Appellant is sending in this Appellant's 11.07 with Memorandum in Support of the Appellant's Application. Appellant would also ask this Honorable Court request that the 178 the District Court of Harris County, Texas to rule on Appellant's Motion. Appellant as fact send in his first 11.07 which was dismissed with statement (To be filed if nessary) see Exhibit A this Document in Memorandum, Referenced in Evidence Exist as M.O. 110-A pg 17 then pg 18 These errors of trial counsel and Appellate counsel along with the withheld and mistakingly filed 11.07 helped to violate Appellants constitutional right to due process and fair trial as guaranteed by Amendments 5, 6, 8 and 14 to the United States Constitution. This for Cause no. 1239111 complaintant Natusha Youngblood. See Attached Memorandum.——

15

**WHEREFORE, APPLICANT PRAYS THAT THE COURT GRANT APPLICANT RELIEF TO WHICH HE MAY BE ENTITLED IN THIS PROCEEDING.**

**VERIFICATION**

This application must be verified or it will be dismissed for non-compliance. For verification purposes, an applicant is a person filing the application on his or her own behalf. A petitioner is a person filing the application on behalf of an applicant, for example, an applicant's attorney. An inmate is a person who is in custody.

The inmate applicant must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public. If the inmate is represented by a licensed attorney, the attorney may sign the "Oath Before a Notary Public" as petitioner and then complete "Petitioner's Information." A non-inmate applicant must sign the "Oath Before a Notary Public" before a notary public unless he is represented by a licensed attorney, in which case the attorney may sign the verification as petitioner.

A non-inmate non-attorney petitioner must sign the "Oath Before a Notary Public" before a notary public and must also complete "Petitioner's Information." An inmate petitioner must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public and must also complete the appropriate "Petitioner's Information."

**OATH BEFORE A NOTARY PUBLIC**

STATE OF TEXAS

COUNTY OF _____

_____, being duly sworn, under oath says: "I am the applicant / petitioner (circle one) in this action and know the contents of the above application for a writ of habeas corpus and, according to my belief, the facts stated in the application are true."

_____
Signature of Applicant / Petitioner (circle one)

SUBSCRIBED AND SWORN TO BEFORE ME THIS _____ DAY OF _____, 20_____.

_____
Signature of Notary Public

16

Rev. 01/14/14

## PETITIONER'S INFORMATION

Petitioner's printed name: *CARL EDMOND YANCY*

State bar number, if applicable: _____

Address: *"MAC" Stringfellow Unit*

*1200 FM 655*

*ROSHARON, TEXAS 77583*

Telephone: _____

Fax: _____

## INMATE'S DECLARATION

I, *CARL EDMOND YANCY*, am the applicant / petitioner (circle one) and being presently incarcerated in _____, declare under penalty of perjury that, according to my belief, the facts stated in the above application are true and correct.

Signed on *October 5*, 20 *15*.

*Carl Edmond Yancy*

Signature of Applicant / ~~Petitioner~~ (circle one)

17

**PETITIONER'S INFORMATION**

Petitioner's printed name: _____

Address: _____

_____

_____

Telephone: _____

Fax: _____

Signed on _____, 20_____.

_____
Signature of Petitioner

18

EXHIBIT "A"
(TYPED-COPY)

OFFENSE: ASAL

THE STATE OF TEXAS

VS.

CASRL YANCY

CAUSE NO. 1239110

IN THE DISTRICT COURT

OF

HARRIS COUNTY, TEXAS

## MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES the State of Texas, by and through her District Attorney, and respectfully requests the Court to dismiss the above entitled and numbered criminal action for the following reason:

X The Defendant was convicted in another case.      1239111
   In custody elsewhere.
   Old case, no arrest.
   Request of complaining witness.
   Missing Witness.
   Motion to suppress granted.
   Co-defendant tried, this Defendant testify.
   Insufficient evidence.
   Co-defendant convicted, insufficient evidence this Defendant.
   Case refiled as cause no.
   Other.

FILED
Chris Daniel
District Clerk
FEB 25 2013

EXPLANATION:    Case to be refiled if necessary.

WHEREFORE, PREMISES CONSIDERED, it is requested that the above entitled and numbered cause be dismissed.

Respectfully submitted,

___/s/ (initials)_____
Assistant District Attorney
Harris County, Texas

## ORDER

The foregoing motion having been presented to me on this the 25 day of February, A.D. 2012 and the same having been considered, it is, therefore, ORDERED, ADJUDGED, and DECREED that said above entitled and numbered cause be and the same is hereby dismissed.

___/s/ David L. Mendoza_____
Judge
178 District Court
Harris County, Texas

REPORTERS MEMORANDUM
This image is of poor quality at time of imaging

White-Original               Yellow-Defendant's Copy

II-147-(06/03)

11 August 14

Crespin M. Linton
Attorney-at-Law
440 Louisiana St.   Ste. 900
Houston, Texas        77002

Re:    Cause No's.  1239110, 1239111, styled, Carl Edmond Yancy vs. The State
       Texas; 178th District Court, Harris County, Texas.

Mr. Linton:

I'm in receipt of your letter, dated, 4  August  14.
Thank  you  very  much  for  forwarding the briefs. I have questions, in which
I hope you can respond, that are pertinent to my case(s).

First,  I'd  like to know why you did not pursue both causes in which I was
convicted of, on direct appeal?

Did I not sign a Notice of Appeal, to appeal both of my convictions?

If  by  chance you have my Notice of Appeal, would you please forward that
to me?

Since you allege, you don't have the ability to furnish copies of my trial
transcripts/statement  of  facts, would you please disclose what date you were
appointed to represent me, on appeal?

I DON'T  believe,  I  received  any notice indicating you were my counsel,
on  appeal?  I  don't have copies of my indictments, judgment sheets or outcry
statements.

SHERRY RADACK
CHIEF JUSTICE

CHRISTOPHER A. PRINE
CLERK OF THE COURT

TERRY JENNINGS
EVELYN KEYES
LAURA CARTER HIGLEY
JANE BLAND
JIM SHARP
MICHAEL MASSENGALE
HARVEY BROWN
REBECA HUDDLE
Justices
—

JANET WILLIAMS
CHIEF STAFF ATTORNEY

COURT OF APPEALS
FIRST DISTRICT
301 FANNIN STREET
HOUSTON, TEXAS 77002-2066

PHONE: 713-274-2700
FAX: 713-755-8131

www.1stcoa.courts.state.tx

Monday, October 06, 2014

Clinton A. Morgan
Harris County District Attorney Office
Assistant District attorney
1201 Franklin, Suite 600
Houston, Texas 77002

Carl Edmond Yancy
TDCJ#1842638
Stringfellow Unit
1200 FM 655
Rosharon, Texas 77583

RE: Court of Appeals Number: 01-13-00168-CR
    Trial Court Case Number: 1239111

Style: Carl Edmond Yancy v. The State of Texas

This is to acknowledge your communication received September 29, 2014, with reference to your direct appeal. Please be advised that the current status of your appeal is:

1. Our records indicate that your motion for rehearing was denied on September 15, 2014.
2. This Court has no jurisdiction to compel the trial court to provide you with free copies of any of your trial court records. This Court does not provide free copies of any documents without prepayment of costs.
3. The Court of Criminal Appeals has jurisdiction over petitions for discretionary review.

Very truly yours,

/s/ Christpher A. Prine

Christopher A. Prine
Clerk of the Court

cc: Crespin Michael Linton (DELIVERED E-MAIL)
    Alan Curry (DELIVERED VIA E-MAIL)

Trial Court Cause No's
1239110 & 1239111

Carl Edmond Yancy, #1842638
Stringfellow Unit  C14-1-7B
1200 FM 655
Rosharon, Texas 77583

Houston, Texas 77002
Harris County
Conviction Date:
February 25, 2013

State Law Library
Inmate Copy Service
P.O. Box 12367
Austin, Texas 78711-2367

I have been advised to refer my request for copies of all my Court records to you, to include: Trial records, all evidence collected, police reports, OUTCRY statements, arrest reports, and affidavits, DNA findings, witness statements, all oral statements of any kind by law enforcement officials/personnel, as well as all written records from those involved in the above referenced causes. This is to include hospital records from Child Protective S Services (CPS), Adult Protective Services (APS), any and all records pertaining to these Cause Numbers, 1239110 and 1239111.

At this time, I am unable to pay for these records as I am incarcerated within TDCJ-CID at the address shown above.

I am in need of these files in order to prepare a defense and viable appeal, and these records may or may not help me but I must try. It is with great pain that I ask you to aid me in my quest for justice and your attention to this matter is greatly appreciated.

Sincerely,

Carl E. Yancy,
A Pro se Litigant

cc

11 August 14

Chris Daniels
Harris County District Clerk
201 Caroline St.    Ste. 420
Houston, Texas       77002

Re: Cause No's. 1239110; 1239111, styled, Carl Edmond Yancy
    178th District Court, Harris County, Texas.

Dear Clerk:
  Enclosed please find the folloowing:

*PETITIONER'S MOTION FOR FORENSIC EXAMINATION OF EVIDENCE;
(3) COPIES EACH.

*AFFIDAVIT IN SUPPORT OF MOTION FOR DNA TESTING;
(3) COPIES EACH.

PAUPERIS OATH
*PAUPERIS OATH AFFIDAVIT;
(1) COPY EACH .

*INMATE TRUST FUND BALANCE;
(1) COPY EACH.

  Would you please file these foregoing pleadings, promptly, with the 178th District Court, Houston, Harris County, Texas.
    Please provide copies to all parties involved, in the matter. Thankkyou for your coooperation.

Sincerely,

Carl E. Yancy, Petitioner, Pro-se

(TYPED COPY)
(WHITE CARD)

OFFICIAL NOTICE FROM COURT OF CRIMINAL APPEALS OF TEXAS
P.O. BOX 12308, CAPITAL STATION, AUSTIN, TEXAS 78711

10/2/2014                           COA No. 01-13-00168-CR
YANCY, CARL EDMOND                   Tr. Ct. No. 1239111 PD-1346-14
On this day the Appellant's Pro Se motion for the Court of Criminal Appeals to provide a free copy of the appellate record is denied.

                                         Abel Acosta, Clerk

                    CARL EDMOND YANCY
                       TDC #1842638
                    STRINGFELLOW UNIT
                       1200 FM 655
                    ROSHARON, TEXAS 77583

Exhibit C

**CRESPIN MICHAEL LINTON**

ATTORNEY AT LAW

THE LYRIC CENTRE

440 LOUISIANA

SUITE 900

HOUSTON, TEXAS 77002

*Copy Attached*

*Rec'd 28 Jul14*

OFFICE

PHONE: (713) 236-1319

FAX: (713) 236-1242

crespin@hal-pc.org

July 26, 2014

Mr. Carl Edmond Yancy
Texas Department of Criminal Justice
TDCJID# 1842638
Stringfellow Unit
1200 FM 655
Rosharon, Texas 77583

Re: Yancy v. State

Dear Mr. Yancy,

I regret to inform you that the First Court Of Appeals affirmed your conviction in an opinion that I have enclosed for your review.

You have until August 23, 2014, to seek review of this decision by filing your discretionary review with the Court Of Criminal Appeals in Austin. I have reviewed the Court Of Appeals' decision and because I am of the professional opinion that the Court Of Criminal Appeals would not grant review in your case, I will not file such a petition for review. Moreover, you are not entitled to the assistance of appointed counsel to file a petition for discretionary review. See **Ayala v. State**, 633 S.W.2d 526, 528 (Tex. Crim. App. 1982).

You may, of course, hire other counsel to do so or you may represent yourself. To assist you, I have enclosed a copy of the applicable Rules Of Appellate Procedure which require that the petition be filed in the court of appeals and that a copy of the court's opinion be attached to each copy of the petition.

I do not have the ability to furnish you with a copy of your trial transcript and any request for it must be made to the Harris County District Clerk's Office. I wish you good luck in the future. This concludes my services in this case.

Very truly yours,

Crespin Michael Linton

(TYPED COPY)

CRESPIN MICHAEL LINTON

ATTORNEY AT LAW

THE LYRIC CENTRE

HOUSTON, TEXAS 77002

JULY 26, 2014

Mr. Carl Edmond Yancy
Texas Department of Criminal Justice
TDCJID #1842638
Stringfellow Unit
1200 FM 655
Rosharon, Texas 77583

Re: Yancy v. State

Dear Mr. Yancy,

I regret to inform you that the First Court of Appeals affirmed your conviction in an opinion that I have enclosed for your review.

You have until August 23, 2014, to seek review of this decision by filing your discretionary review with the Court of Criminal Appeals in Austin. I have reviewed the Court of Appeals' decision and because I am of the professional opinion that the Court of Criminal Appeal would not grant review in your case, I will not file such a petition for review. Moreover, you are not entitled to the assistance of appointed counsel to file a petition for discretionary review. See Ayala v. State, 633 S.W.2d 526, 528 (Tex.Crim. App. 1982).

You may, of course, hire other counsel to do so or you may represent yourself. To assist you, I have enclosed a copy of the applicable Rules of Appellate Procedure which require that the petition be filed in the court of appeals and that a copy of the court's opinion be attached to each copy of the petition.

I do not have the ability to furnish you with a copy of your trial transcript and any request for it must be made to the Harris County District Clerk's Office. I wish you good luck in the future. This concludes my services in this case.

Very truly yours,
/s/
Crespin Michael Linton